■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY HOPE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 10, 1985, convicting him of attempted robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

When the evidence is viewed in the light most favorable to the People, the elements of attempted robbery in the first degree (Penal Law § 160.15 [4]) were sufficiently made out. The defendant's intent to forcibly steal property from the complainant may be inferred from the defendant's conduct and the surrounding circumstances (see, People v Bracey, 41 NY2d 296, 301), and viewing the series of events all together the jury was entitled to conclude that the less culpable intents suggested by the defendant were not reasonable possibilities under the circumstances (see, People v Bracey, supra, at 302). The People showed that the attempted taking was to be accomplished by means of the use or threatened immediate use of force (see, People v Woods, 41 NY2d 279), with the complainant's testimony that the defendant elbowed him in the side just prior to patting his pockets. The defendant's actions could properly be viewed as conveying the threat that any resistance would be met with violence. The determination of whether the object which appeared to be a pistol was displayed by the defendant's cohort in the course of or in

immediate flight from the attempted robbery is a factual determination for the jury; sufficient evidence supported the inference that the perpetrators of the attempted robbery had merely been temporarily sidetracked at the time the object was displayed to the complainant by one of their number.

As to the conviction of assault in the second degree, we conclude that the evidence "was sufficient to meet that objective level where the determination of the trier of fact should not be disturbed" *(Matter of Ramon M.,* 109 AD2d 882, 883). Although the victim did not quantify or describe the pain he suffered, his testimony that it continued some two to three weeks is evidence of its severity. Furthermore, the fact that the pain was caused by the victim being dragged by his legs down a flight of subway station stairs on his back while being punched provided a further basis for the inference that the pain was substantial.

Finally, the decision to impose consecutive sentences constituted a proper exercise of the court's discretion and we find no reason to modify it. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.