(May 5, 1988)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. DZIEDZIC, Appellant.—Harvey, J.

At approximately 2:40 A.M. on November 3, 1985, two City of Amsterdam police officers, William Humphrey and Thomas Murey, observed a red motorcycle traveling at a high rate of speed on State Route 30. While pursuing the motorcycle with the patrol car's red lights and siren activated, Humphrey observed speedometer readings as high as 100 miles per hour. Murey radioed other officers and a marked patrol car with its red lights flashing was positioned across the right side of the street on which the motorcycle was traveling. The motorcycle eluded the roadblock by swerving into the opposite lane of traffic and driving around the parked patrol car.

Another roadblock was established using one marked and one unmarked patrol car, both of which had flashing red lights activated. The vehicles were parked across the street,

leaving an unblocked gap of approximately seven feet at the side of the street. Deputy Chief Joseph Orsini, who was wearing civilian clothes, stood in the gap with Officer Robert Miseikis. Orsini was waiving a flashlight. As the motorcycle approached the roadblock, it slowed to a near stop, and then accelerated through the gap. The motorcycle struck Orsini as it sped through the gap in the roadblock. Miseikis testified that as the motorcycle slowed down in front of the gap, he recognized the driver to be defendant, with whom he had previously become acquainted.

The motorcycle was pursued by police into the Town of Florida, where defendant abandoned it behind a barn and eluded apprehension. Murey applied for an arrest warrant, based upon his felony complaint and Miseikis' identification of defendant. Defendant was arrested and subsequently indicted for numerous crimes. Defendant waived his right to a jury trial. Following the nonjury trial, County Court found defendant guilty of two counts of assault in the second degree, reckless endangerment in the second degree, reckless driving, aggravated unlicensed operation of a motor vehicle in the second degree, leaving the scene of an incident without reporting and two counts of speeding. County Court later partially granted defendant's CPL 330.30 motion by reversing the conviction for reckless endangerment. After sentencing, defendant appealed.

Defendant contends that the prosecution failed to adequately comply with his request for a bill of particulars with respect to the alleged physical injuries suffered by Orsini and that all evidence relative to Orsini's injuries should have thus been precluded at trial. Establishing physical injury to Orsini was an essential element in the two charged counts of assault in the second degree (see, Penal Law § 120.05 [2], [3]). The purpose of the bill of particulars is "to disclose more specifically the crime or crimes charged in the indictment and to provide amplification and clarification of certain matters set forth in the pleading" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 200.95, at 546). Here, in response to defendant's request, the prosecution provided a general statement of the injuries suffered by Orsini. This statement was further particularized at a later date pursuant to an order of County Court. In addition, defendant was informed that Orsini had received emergency room treatment and was under the care of a private physician, Dr. Peter Diamond. Although the prosecution did not produce, prior to trial, medical reports made by Diamond, no objection was

made at the time Diamond testified. Further, even if Diamond's testimony had been precluded, Orsini's testimony was adequate to establish that he had suffered a physical injury within the meaning of Penal Law § 10.00 (9). Orsini testified that he had suffered severe pain, received emergency room treatment including X rays of his leg, back and elbow, was prescribed Tylenol with codeine and Motrin, missed 12 days of work, and suffered recurring pain into the spring of 1986 *(see, People v Hope,* 128 AD2d 638, 639, *lv denied* 69 NY2d 1005). We conclude that no reversible error was made with respect to defendant's discovery demands.

Defendant also contends that County Court erred in finding him guilty of multiple crimes (assault and reckless endangerment) arising from the same conduct (driving the motorcycle at Orsini) but having different culpable mental states (intentional and reckless). In this nonjury trial, however, County Court, which served as the trier of fact, reversed itself at defendant's urging and dismissed the charge of reckless endangerment, thus rendering the issue moot.

Defendant's remaining contentions have been considered and found unpersuasive.

Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.