■ In the Matter of CARLTON P., a Person Alleged to be a

Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Torres, J.), entered July 29, 1987, which, upon a fact-finding order of the same court, dated May 20, 1987, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, placed him on probation for a period of one year. The appeal brings up for review the fact-finding order dated May 20, 1987.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Upon the exercise of our factual review power, we are satisfied that the fact finding was not against the weight of the evidence (Family Ct Act § 342.2 [2]; cf., CPL 470.15 [5]). The hearing court was not required to draw an adverse inference against the prosecution for its failure to produce three witnesses since there was no evidence in the record that they were either available or under the control of the prosecution at the time of the hearing (see, People v Watkins, 67 AD2d 717). This is especially true where, as in this case, defense counsel objected when the prosecution attempted to introduce evidence to explain why the three witnesses were not called, and the objection was sustained (see, People v Bartolomeo, 126 AD2d 375; 1 CJI[NY] 8.53, at 447).

Since the evidence showed that the appellant struck the complainant with his fists, the hearing court could properly find both the intent to commit an act which, if committed by an adult, would have constituted the crime of assault and conduct to carry out that intent. "The mere fortuity that a physical injury was not inflicted is no defense to the charges of attempted assault" (People v Early, 85 AD2d 752, 753). Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.