■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MCNAIR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered September 20, 1984, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The robbery victim's testimony that he was beaten about the face and torso by the defendant and his two accomplices and that, as a result, he suffered pain for about three weeks is legally sufficient to sustain the jury's verdict of guilty on the count of robbery in the second degree charged on the theory that physical injury was inflicted in the course of the robbery

*(see,* Penal Law § 160.10 [2] [a]). Although the victim did not quantify or describe the pain he suffered, the duration of the pain is evidence of its severity and provides a basis for the inference that the pain was substantial *(see,* Penal Law § 10.00 [9]; *People v Hope,* 128 AD2d 638, 639; *Matter of Ramon M.,* 109 AD2d 882).

The defendant's further claim that the verdict convicting him on this count is repugnant to his acquittal on the charge of assault in the third degree is not preserved for appellate review. It is well settled that a repugnancy objection to a verdict must be raised at a time when any defect in the verdict may still be cured *(see, People v Alfaro,* 66 NY2d 985, 987; *People v Satloff,* 56 NY2d 745, 746; *People v Hamilton,* 121 AD2d 395). That was not done in this case. In any event, the verdict was not inconsistent or repugnant, as the 2 crimes do not have identical elements nor is 1 a lesser included of the other. As charged by the trial court, the robbery count included an element that the defendant intended to injure the victim. Thus, the acquittal was not "conclusive as to a necessary element" of the robbery count *(see, People v Tucker,* 55 NY2d 1, 7).

We have considered the defendant's remaining contentions, including his claim that his sentence was unduly harsh and excessive, and find them to be meritless *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.