■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE PISCITELLI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 22, 1988, convicting him of assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The instant appeal involves the defendant's assault of the complainant on June 24, 1987. It is uncontested that the defendant knocked the complainant down a flight of outdoor stairs, and repeatedly punched him in the nose, inflicting serious physical injury.

The defendant contends that the prosecution failed to prove beyond a reasonable doubt that he intended to cause serious physical injury to the complainant. In support of this contention, the defendant suggests that he was intoxicated at the time of the incident, and the fact that he fled the scene when the victim was disabled indicates that he did not intend to cause serious physical injury.

Intent as an element of the crime is an issue to be decided by the trier of fact. Intoxication does not automatically negate specific intent; it is merely a factor to be considered by the fact finder (People v Leary, 64 AD2d 825, 826).

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.