■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTEMIRO SOTO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered March 13, 1990, convicting him of assault in the second degree (two counts), obstructing governmental administration in the second degree, and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Contrary to the defendant's contention, we find that the evidence adduced at trial established, that, as a result of their struggle with the defendant, two court officers suffered "physical injury" within the meaning of Penal Law § 10.00 (9) *(see, Matter of Philip A.,* 49 NY2d 198, 200; *People v Contes, supra,* at 621).

The testimony of the first officer establishes that both of his elbows were swollen and that he had a one-inch laceration on his left elbow. Both of his knees were swollen and discolored. He also had a bruise on his left shin that was bleeding. After receiving treatment at the scene, the officer went to the emergency room of a local hospital where X-rays were taken of his elbows, knees, and shin. The following week, he was treated by an orthopedic doctor for the injuries to his knees. As a result of his injuries, he missed three days of work and suffered from pain in various parts of his body for three weeks after the incident. Although he did not testify as to the magnitude of the pain that he suffered, the three-week duration of the pain is evidence of its severity and provides a basis for the inference that the pain was substantial *(see, People v McNair,* 147 AD2d 593, 594; *People v Hope,* 128 AD2d 638, 639).

The testimony of the second officer establishes that he suffered from scratches on his hands, bruises on his arms and shin, and a swollen ankle and was treated at the scene by an Emergency Medical Technician. Moreover, his ankle remained swollen and tender when walking for about three or four days after the incident. Such an injury constitutes an "impairment of physical condition" within the meaning of Penal Law § 10.00 (9). Moreover, where, as here, the victim was subjected to a violent attack which went beyond petty slaps, shoves and kicks, causing bruises and swelling, and requiring medical treatment, the jury could reasonably infer that the pain was substantial (see, People v Coward, 100 AD2d 628).

The terms of imprisonment imposed upon the defendant's convictions of assault in the second degree (two counts), obstructing governmental administration in the second degree, and criminal contempt in the second degree, were properly made to run concurrent with each other but consecutive to the term of imprisonment imposed upon the defendant's prior conviction of robbery in the second degree which the defendant was serving at the time this judgment of conviction was rendered (see, Penal Law § 70.25 [1]). The sentence was neither harsh nor excessive. Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.