■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT VACANTE, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Kings County (Aiello, J.), rendered November 8, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the question of whether the "Unusual Occurrence Report" at bar was prepared by a witness for the People at the trial, or contains statements by a People's witness which were overheard by the person who prepared the report, and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with this Court with all convenient speed.

Approximately 10 months after the conclusion of the defendant's trial, the People turned over to the defendant a document that had not been disclosed to the defense during trial. The document purports to be an unofficial confidential report of information the author "feel[s] should be brought to the attention of the [commanding officer]". After the existence of the document was revealed, the parties stipulated that the document had not been "provided to the defense at the trial level" and that it would become part of the record on appeal. The defendant now claims that his conviction must be reversed because the People's failure to disclose this confidential report in a timely manner constituted a *Rosario* violation. In response, the People argue, *inter alia,* that no *Rosario* violation was proven because it was unclear who had authored the confidential report.

The document in question is a confidential police report that contains statements concerning, *inter alia,* criminal acts involving the decedent and his relationship to the defendant. However, the report does not indicate who authored it and since "[t]he *Rosario* rule only involves 'the use of a recorded prior statement which was made either by the witness himself or by an individual who directly heard the statement' " *(People v Miller,* 183 AD2d 790, 791), we find that additional inquiry is required. Because the document was not discovered until after the trial, there was no opportunity for the trial court to explore the facts surrounding its creation. Although ordinarily a motion pursuant to CPL 440.10 (1) (f) would be necessary to raise an issue concerning matters dehors the record, the Court of Appeals has sanctioned the use of stipulations to enlarge appellate records under circumstances identical to those at bar *(see, People v Young,* 79 NY2d 365, 372). Inasmuch as the document became part of the record on appeal, and may constitute *Rosario* material, there is no procedural impediment to ordering a hearing before the trial

court to clarify its contents as part of the proceedings on the direct appeal *(see, People v Young, supra)*. Accordingly, the matter is remitted to the Supreme Court for a determination of whether the document contains statements made by a witness who testified for the People at trial and thereby constitutes *Rosario* material. Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.