■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MACHADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered January 4, 1990, convicting him of kidnapping in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The "unusual occurrence report" prepared by Detective Michael Russell, which the defendant contends was *Rosario* material improperly denied to him at trial, is not part of the record before us since it was not turned over to the District Attorney's office and the defendant until after the defendant was sentenced *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866). Therefore, this issue would more appropriately be raised by a motion pursuant to CPL 440.10 *(see, People v Woods,* 156 AD2d 609; *People v Sergi,* 96 AD2d 911, 912; *cf., People v Vacante,* 187 AD2d 470).

Furthermore, we are satisfied that the element of "physical injury" within the meaning of Penal Law § 10.00 (9) was

sufficiently established to support the defendant's conviction for assault in the second degree (Penal Law § 120.05 [6]). "[T]he duration of the pain is evidence of its severity and provides a basis for the inference that the pain was substantial" *(People v McNair,* 147 AD2d 593, 594; *see also, People v Hope,* 128 AD2d 638, 639; *Matter of Ramon M.,* 109 AD2d 882).* Here, the complainant testified that, as a result of the beating administered by the defendant, she continued to suffer pain in her left arm at the time of the trial, nearly two years after the crime. We find this evidence provides a sufficient basis upon which the jury could infer that the pain was substantial. Sullivan, J. P., Balletta, Eiber and Santucci, JJ., concur.