■ In the Matter of KIRK G., a Person Alleged to be a Juvenile Delinquent, Appellant. [617 NYS2d 24] —Order of disposition, Family Court, New York County (Bruce M. Kaplan, J.), entered February 26, 1993, which adjudicated respondent a juvenile delinquent and directed a conditional discharge for a period of twelve months, unanimously reversed on the law, the order is vacated and the petition is dismissed, without costs.

It is well settled that in order to establish a *prima facie* case, a juvenile delinquency petition must contain non-hearsay allegations that, if true, establish every element of the crime charged as well as the accused's commission thereof *(Matter of Wesley M.,* 83 NY2d 898; *Matter of Jahron S.,* 79 NY2d 632; Family Ct Act § 311.2 [3]).

In the instant action, the police laboratory report was certified and signed by Gamil Hanna, a police chemist. The certification states: "I hereby certify that the foregoing report is a true and full copy of the original report. False statements made herein are punishable as a Class 'A' misdemeanor pursuant to section 210.45 of the Penal Law."

The identical language has been reviewed in a number of cases and has been found insufficient in that the chemist fails to attest to any personal knowledge regarding who conducted the test or the results of the test conducted and only certifies that the laboratory report is a true and full copy of the original. As a result, the petition does not contain sufficient non-hearsay allegations and must be dismissed as jurisdictionally defective on its face *(Matter of Wesley M., supra; Matter of Rodney J.,* 83 NY2d 503, 507; *Matter of Andy B.,* 205 AD2d 361).

Motion wherein it seeks reargument is granted, and upon reargument, the prior unpublished decision and order of this Court entered on July 7, 1994 is recalled and vacated, and a new memorandum substituted therefor. Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.