■ In the Matter of ERIC R., a Person Alleged to be a Juvenile Delinquent, Respondent. [624 NYS2d 164] —Order, Family Court, Bronx County (Paul Grosvenor, J.), entered on or about January 5, 1994, dismissing the delinquency petition as jurisdictionally defective, unanimously reversed, on the law, without costs, and the petition is reinstated.

Petitioner-presentment agency filed a petition against respondent alleging that he had committed acts which, if perpetrated by an adult, would constitute robbery in the second degree (Penal Law § 160.10 [1]), robbery in the third degree (Penal Law § 160.05), grand larceny in the fourth degree (Penal Law § 155.30 [5]), petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40).

The complainant's supporting deposition, annexed to the petition, states: "I did not give or authorize another to give to the Respondent permission to, while aided by & acting in concert with three others, forcibly steal property from my person, to wit: my bookbag, hat, ring, money, & walkman radio. The Respondent & three others approached me, surrounded me, demanded my bookbag, hat, ring, money, & walkman radio. I then put all these items into the bookbag. My pockets were then searched by one of the group who puts his hands in my pockets. My bookbag was then taken from my hand by a member of the group."

On December 10, 1993, respondent filed an omnibus motion seeking, *inter alia,* dismissal of the petition as jurisdictionally defective. On January 5, 1994, Judge Grosvenor granted the motion finding that "the petition fails to state with specificity the act alleged that was committed by the respondent". The presentment agency appeals and we now reverse.

Family Court Act § 311.1 (3) (h) states that a petition must contain: "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the respondent's commission thereof with sufficient precision to clearly apprise the respondent of the conduct which is the subject of the accusation".

The petition must establish a prima facie case and must set forth non-hearsay allegations that, if true, establish every element of the crime charged as well as the accused's commission thereof *(Matter of Wesley M.,* 83 NY2d 898; *Matter of Jahron S.,* 79 NY2d 632; *Matter of Kirk G.,* 208 AD2d 375).

Contrary to the Family Court's findings, the petition herein satisfactorily apprises respondent of the conduct of which he is accused; and the allegations which are set forth therein establish each element of the crime charged. The deposition asserts that respondent not only blocked complainant's escape while others seized her property, but also that respondent demanded complainant surrender her property. The fact that respondent joined in a formation which entrapped the victim while others perpetrated the robbery is sufficient to establish in-concert liability for robbery notwithstanding that respondent never spoke to or touched the victim (Penal Law § 20.00; *Matter of Emerson D.,* 189 AD2d 712; *People v Corbett,* 162 AD2d 415, *lv denied* 77 NY2d 837).

The deposition also set forth sufficient allegations to support a prima facie case that respondent engaged in grand larceny

in the fourth degree *(see,* Penal Law § 155.30 [5]), and the lesser included offense of petit larceny (Penal Law § 155.25). Finally, the deposition supports the charge of criminal possession of stolen property in the fifth degree (Penal Law § 165.40) as constructive possession by respondent supports a charge of criminal possession of stolen property *(see, People v Sierra,* 45 NY2d 56; *People v Dennis,* 88 AD2d 963). Concur—Murphy, P. J., Rosenberger, Rubin, Ross and Tom, JJ.