■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERMAN DURDEN, Appellant. [631 NYS2d 862] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered January 7, 1993, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that attempted robbery in the

first degree under Penal Law §§ 110.00 and 160.15 (4) is a nonexistent crime is without merit *(see, People v Hope,* 128 AD2d 638), and the case of *People v Miller* (201 AD2d 109), involving Penal Law §§ 110.00 and 160.15 (1), is inapplicable.

The defendant failed to preserve for appellate review his contentions that there was insufficient evidence of his identity, that the testimony of the People's witnesses was tailored, and that the evidence only demonstrated his mere presence at the scene of the crime *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858, 859; *People v McGee,* 204 AD2d 353; *People v Grogan,* 192 AD2d 719; *People v White,* 192 AD2d 736).

In any event, viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted robbery in the first degree *(see,* Penal Law §§ 20.00, 110.00, 160.15 [4]), beyond a reasonable doubt. The defendant's intent to forcibly steal a jeep from the complainant could be inferred from his conduct and the surrounding circumstances *(see, People v Bracey,* 41 NY2d 296, 301; *People v Hope,* 128 AD2d 638, *supra; see also, People v McGee,* 204 AD2d 353, *supra; People v Jackson,* 180 AD2d 756). The defendant and his accomplice walked back and forth near the complainant as she used a public telephone. The defendant's accomplice walked up to the complainant and displayed a gun as the defendant walked to and entered the passenger side of the jeep. The defendant's accomplice then entered and tried to start the jeep as the defendant sat in the passenger seat. The defendant and his accomplice were caught by police officers when they attempted to flee from the jeep, and the gun recovered from the defendant's accomplice was fully loaded and operable *(see, People v Hope,* 128 AD2d 638, 639, *supra).*

Moreover, issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence is neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.