◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARTH LEE, Appellant. [633 NYS2d 568] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered March 7, 1994, convicting him of robbery in the first degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the night of February 28, 1993, a masked man robbed the complainant at knifepoint and fled in the complainant's livery cab. One week later, the defendant was arrested while driving the complainant's vehicle, and the complainant identified him from a lineup as the individual who had robbed him.

On appeal, the defendant contends that the People failed to prove his identity as the individual who committed the robbery and car theft beyond a reasonable doubt. However, the defendant's motion for a trial order of dismissal due to the People's failure to prove a prima facie case was not sufficiently specific to preserve for appellate review his claim with respect to the issue of identity *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Here, the record reveals that the complainant, a driver employed by a Queens car service company, had picked up the defendant at the same address three days prior to the robbery. On that occasion, the defendant was seated in the front seat of the complainant's cab for about 20 minutes, and the complainant was able to view his entire face while they talked. Thus, although the defendant was wearing a mask on the night of the robbery, the complainant was able to recognize him based upon his height, weight, and distinctive voice. Moreover, the

complainant's conclusion that the defendant was the same man he had picked up three days earlier was supported by the fact that the defendant asked him whether his vehicle was car number seven, which was information he had sought from the complainant during the prior trip.

We find no merit to the defendant's claim that it was error for the court to admit into evidence the knife which was recovered from his possession at the time of his arrest *(see, People v Del Vermo,* 192 NY 470, 481-482).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit *(see, People v Galloway,* 54 NY2d 396). O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.