■ In the Matter of JEMEL T., a Person Alleged to be a Juvenile Delinquent, Appellant. [647 NYS2d 992] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Freeman, J.), dated October 31, 1995, which, upon a fact-finding order of the same court, dated September 6, 1995, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated September 6, 1995.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petition in the instant proceeding alleged that the appellant and two other youths forcibly stole a bicycle from the complainant, and in the course of doing so, caused him physical injury.

Contrary to the appellant's contention, the petition and the complainant's deposition contained nonhearsay allegations which established each element, *inter alia,* of the crime of robbery in the second degree (*see,* Penal Law § 160.10 [1]). The complainant's deposition alleged that the appellant and two other youths approached him, demanded his bicycle, and took his bicycle from him after beating him (*see, Matter of Eric R.,* 213 AD2d 310).

Additionally, viewed in the light most favorable to the presentment agency (*cf., People v Contes,* 60 NY2d 620; *People v Lee,* 221 AD2d 473), the evidence adduced at the fact-finding hearing was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Specifically, the appellant's intent can be inferred from his conduct and surrounding circumstances (*People v Durden,* 219 AD2d 605; *see, People v Bracey,* 41 NY2d 296, 301). Nor were the court's findings against the weight of the evidence.

We have reviewed the appellant's remaining contentions and find that they are without merit. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.