■ In the Matter of MARCEL F., a Person Alleged to be a Juvenile Delinquent, Appellant. [650 NYS2d 274] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Freeman, J.), dated February 6, 1995, which, upon a fact-finding order of the same court, dated December 5, 1994, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for one year. The appeal brings up for review the fact-finding order dated December 5, 1994.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's motion for dismissal of the attempted assault charge due to the Presentment Agency's failure to prove a prima facie case was not sufficiently specific to preserve for appellate review his claim with respect to the issue of intent *(cf.,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245; *see also, People v Lee,* 221 AD2d 473).

In any event, viewing the evidence in the light most favorable to the presenting agency *(see, Matter of David H.,* 69 NY2d 792; *Matter of Aulden M.,* 226 AD2d 536), we find that it was legally sufficient to prove beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree *(see,* Penal Law §§ 110.00, 120.00 [1]). An attempt to commit a crime requires an intent to commit the crime and an act tending to effect the commission of the crime attempted *(see,* Penal Law § 110.00). Intent can be inferred from conduct and surrounding circumstances *(cf., People v Durden,* 219 AD2d 605; *People v Miles,* 158 AD2d 476, 477; *see also, People v Bracey,* 41 NY2d 296, 301). Here, the intent to cause physical

injury can be inferred from the appellant's actions of throwing two punches in the direction of the police officer's face. The fact that the officer managed to avoid physical injury does not preclude a finding that the appellant attempted to inflict such injury. " 'The mere fortuity that a physical injury was not inflicted is no defense to the charges of attempted assault' " *(Matter of Carlton P.,* 143 AD2d 833; *cf., People v Munck,* 190 AD2d 963, 964). Finally, the Family Court's determination was not against the weight of the evidence *(cf.,* CPL 470.15 [5]). Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.