■ In the Matter of GREGORY B., a Person Alleged to be a Juvenile Delinquent, Appellant. [661 NYS2d 656] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (De Phillips, J.), entered on May 24, 1996, which, upon a fact-finding order of the same court, also dated

May 24, 1996, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth for a period of 12 months. The appeal brings up for review the fact-finding order dated May 24, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (cf., People v Contes, 60 NY2d 620), we find that it was legally sufficient to prove beyond a reasonable doubt that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree (see, Penal Law § 120.00 [1]). In addition to suffering a bruised ear and thigh, which caused him pain for at least a week, the complainant suffered a bruised and swollen nose which was painful to the touch, and caused him nosebleeds and difficulty breathing. The complainant was forced to consult a doctor for his injuries, as well as a surgeon for his damaged nose (see, e.g., People v Rogers, 138 AD2d 419; see also, People v Williams, 203 AD2d 608; Matter of Andre D., 182 AD2d 1108; People v Lundquist, 151 AD2d 505, 507; Penal Law § 10.00 [9]).

The record supports the Family Court's conclusion—inferrable from the totality of the appellant's conduct, as well as from the quantity and severity of the complainant's injuries—that the appellant intended to cause physical injury to the complainant (see, People v Piscitelli, 156 AD2d 596; see also, People v Danaher, 49 AD2d 984; see also, Matter of Marcel F., 233 AD2d 442; People v Durden, 219 AD2d 605). In addition, the appellant admitted that he had sought out the complainant to quarrel with him, and that the appellant had "won the fight".

Finally, the appellant admitted that he punched the complainant in the face. Contrary to the appellant's suggestion on appeal, there is no evidence that the complainant sustained any facial injuries in his subsequent altercation with a different boy. Accordingly, the record adequately supports the Family Court's finding that the appellant was responsible for the most serious of the complainant's injuries. Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (cf., CPL 470.15 [5]). Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.