■ In the Matter of ERIC C., a Person Alleged to be a Juvenile Delinquent, Appellant. [722 NYS2d 61] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated May 17, 1999, which, upon a fact-finding order of the same court, dated April 12, 1999, made

after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of resisting arrest and attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division of Youth, Title III, for a period of one year. The appeal brings up for review the fact-finding order dated April 12, 1999.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Penal Law § 205.30 defines resisting arrest as intentionally preventing or attempting to prevent a police officer from effecting an authorized arrest (*see, People v Jensen,* 86 NY2d 248; *People v Peacock,* 68 NY2d 675; *Matter of Kara M.,* 242 AD2d 630). Contrary to the appellant's contention, the charge of resisting arrest should not have been dismissed on the basis that the arrest was not authorized. Rather, the evidence adduced at the hearing demonstrated that probable cause for the arrest existed. The facts and circumstances known to the arresting officer would have warranted a reasonable person, who possessed the same expertise as the officer, to conclude that a crime was being or had been committed and that the appellant committed it (*see, Matter of Kara M., supra; People v Rivera,* 166 AD2d 678).

Furthermore, viewing the evidence in the light most favorable to the presentment agency (*see, Matter of David H.,* 69 NY2d 792; *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant had committed a crime which, if committed by an adult, would have constituted the crime of attempted assault in the third degree (*see,* Penal Law §§ 110.00, 120.00 [1]; *Matter of Marcel F.,* 233 AD2d 442; *Matter of Carlton P.,* 143 AD2d 833). An attempt to commit a crime requires an intent to commit the crime and an act tending to effect the commission of the crime (*see,* Penal Law § 110.00). Intent can be inferred from conduct and surrounding circumstances (*see, Matter of Marcel F., supra*). Here, the intent to cause physical injury can be inferred from the appellant's actions of punching an undercover officer in the chest. The fact that the undercover officer managed to avoid physical injury does not preclude a finding that the appellant attempted to inflict such injury, and this is no defense to the charge of attempted assault (*see, Matter of Carlton P., supra*).

The Family Court's determination was not against the weight of the evidence (*see,* Family Ct Act § 342.2 [2]). Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.