Matter of Kelvin H. (2005 NY Slip Op 50154(U))

[*1]

Matter of Kelvin H.

2005 NY Slip Op 50154(U)

Decided on February 4, 2005

Family Court, Queens County

Hunt, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 4, 2005

Family Court, Queens County
In the Matter of KELVIN H., CHRISTOPHER W. and KHARI M., Persons Alleged to be a Juvenile Delinquents, Respondents
D-21567/04

Michael A. Cardozo, Corporation Counsel (Jennifer L. Rubin of counsel), New York City, for Presentment Agency; Keith, Shapiro & Ford
(Richard A. Benson, of counsel), Garden City for Kelvin H.;
Kelton & Teichner (Charles Kelton, of counsel), Kew Gardens for
Christopher W.; Christopher S. Jay, Huntington, for Khari M.

John M. Hunt, J.
By petitions filed on December 17, 2004 respondents are alleged to have committed acts
which, were they adults, would constitute the crimes of Attempted Robbery in the Second Degree
and Menacing in the Third Degree.
Respondents, who are alleged to have acted as both principals and as accomplices in
identical petitions as having committed the charged crimes, have jointly moved to dismiss the
juvenile delinquency petitions as jurisdictionally defective. Specifically, respondents claim that
the petitions do not contain non-hearsay factual allegations which establish their commission of
the charged crimes and that the petitions must be dismissed.
Upon review of the moving papers and the responding affirmation submitted by the
Assistant Corporation Counsel, the Court finds respondents' motions to dismiss the petitions
are without merit for the reasons stated herein.
Family Court Act §311.1 and §311.2 set forth the requirements for a jurisdictionally
sufficient juvenile delinquency petition. Family Court Act §315.1 provides that a petition or
[*2]
a count of a petition which does not comply with the requirements of Family Court Act §311.1
and §311.2 is subject to dismissal. "Family Court Act §311.2 measures the sufficiency of a
juvenile delinquency petition by the sum of its two parts: the verified petition and any supporting
depositions filed with the petition" (Matter of Neftali D., 85 NY2d 631, 635). A juvenile
delinquency petition, or a count thereof, is jurisdictionally sufficient when "non-hearsay
allegations of the factual part of the petition or of any supporting depositions establish, if true,
every element of each crime charged and the respondent's commission thereof" (Matter of
Rodney J., 83 NY2d 503, 507; see, Matter of Angel A., 92 NY2d 430, 434). Thus, a juvenile
delinquency petition is both facially and jurisdictionally sufficient when it sets forth a prima facie
case against the respondent (Matter of Jahron S., 79 NY2d 632, 639; Matter of Edward B., 80
NY2d 458, 463-464; Matter of Wesley M., 83 NY2d 898, 899; Matter of Rodney J., at 507;
Matter of Neftali D., at 635-636; Matter of Angel A., at 434).
"The sufficiency requirements set forth in Family Court Act §311.2 are not simply
technical pleading requirements but are designed to ensure substantive due process protection
to an accused juvenile delinquent, who can be arrested and deprived of liberty based upon the
petition" (Matter of Neftali D., at 634-635; accord Matter of Detrece H., 78 NY2d 107, 111).
The Presentment Agency's argument that "[t]he purpose of a petition is not to prove a case
against the accused, but simply to advise him of the crimes charged", is simply incorrect.
Although that interpretation of Family Court Act §311.1 and §311.2 was formerly set forth in
some appellate court decisions (e.g., Matter of Dirhim A., 178 AD2d 339, 341; Matter of Jose
M., 178 AD2d 343, 345-346, 186 AD2d 399 [recalling and vacating prior order], 186 AD2d
388 [dismissing juvenile delinquency petition]), those decisions are not controlling in light of
[*3]
numerous decisions of the Court of Appeals which clearly hold that the prima facie case standard is applicable to juvenile delinquency petitions (e.g., Matter of Jahron S., at 638; Matter of
Edward B., at 464-464; Matter of Angel A., at 434).
The petitions before the Court allege that the respondents committed acts which would
constitute the crimes of Attempted Robbery in the Second Degree and Menacing in the Third
Degree. With respect to the Robbery charge, respondents contend that the petitions fail to set
forth non-hearsay allegations which would establish, if true, that they attempted to rob the
alleged victim. With respect to the Menacing charge, respondents argue that there are no non-
hearsay facts that would establish, if true, that they intentionally placed the alleged victim in
fear of serious physical injury, physical injury or death.
Count One of the petition alleges that the respondents committed acts which would
constitute then crime of Attempted Robbery in the Second Degree. Three Penal Law sections are
relevant to this crime. Count Two of the petition alleges that the respondents committed acts
constituting the crime of Menacing in the Third Degree.
Penal Law §160.00 provides that:
 Robbery is forcible stealing. A person forcibly steals property and commits
robbery when, in the course of committing a larceny, he uses or threatens the
immediate use of physical force upon another person for the purpose of:
 1. Preventing or overcoming resistance to the taking of property or to the
retention thereof immediately after the taking; or
 2. Compelling the owner of such property or another person to deliver up
the property or to engage in other conduct which aids in the commission of
the larceny.
[*4]
Penal Law §160.10 (1) provides that:
 A person is guilty of robbery in the second degree when he forcibly steals property
and when: (1) he is aided by another person actually present.
Penal Law §110.00 provides:
 A person is guilty of an attempt to commit a crime when with intent to commit a
crime, he engages in conduct which tends to effect the commission of such crime.
With respect to Count Two of the petition, charging the respondents with committing
acts which would constitute the crime of Menacing in the Third Degree, Penal Law §120.15
provides that:
 A person is guilty of menacing in the third degree when, by physical menace, he
or she intentionally places or attempts to place another person in fear of death,
imminent serious physical injury or physical injury.

The crime of robbery is divided into three distinct offenses in article 160 of the Penal
Law. "The essence of the crime of robbery is forcible stealing. Under Penal Law §160.00,
a robbery occurs when a person forcibly steals property by the use of, or the threatened use of,
immediate physical force upon another person for the purpose of compelling that person to
deliver up property or to prevent or overcome resistance to the taking" of the property (People
v. Miller, 87 NY2d 211, 214; see, People v. Lopez, 73 NY2d 214, 219; People v. Woods, 41
NY2d 279, 281). "The lowest robbery offense, robbery in the third degree, is committed when a
person engages in behavior that results in the forcible taking of another's property . . . [t]he core
crime is elevated to robbery in the second degree when defendant is aided by another person or
where the consequences of the forcible taking are aggravated because the robber or the
accomplice displays a firearm or causes physical injury to a nonparticipant . . . The most serious
[*5]
robbery offense, robbery in the first degree, is committed when, in the course of the forcible
taking or property or immediate flight from the crime scene, the robber or another participant in
the robbery causes serious physical injury to any person who is not a participant in the crime, or
is armed with a deadly weapon, or uses or threatens the immediate use of a dangerous instrument,
or displays some type of operable firearm" (People v. Miller., at 214-215 [internal citation
omitted]; see also, People v. Lopez, at 219).
Additionally, an attempt to commit a crime is punishable as a separate and distinct
offense under the Penal Law (P.L. §110.00). While the actor may fail in his or her commission
of the underlying or object crime, the actor is guilty of an attempt to commit the underlying crime
"because attempted criminal conduct is a danger to organized society and therefore independently
culpable even though the intended result does not ensue" (People v. Miller, at 215; see, People v.
Bracey, 41 NY2d 296, 299; People v. Campbell, 72 NY2d 602, 605). "In other words, an attempt
is an act done with an intent to commit some other crime" (People v. Coleman,74 NY2d 381,
383; see, People v. Saunders, 85 NY2d 339, 342), and "[i]n order to prove an attempt, it is
necessary to establish (1) that the defendant had the intent to commit a specific offense; and
(2) that the defendant engaged in some affirmative act to carry out that intent"(Coleman, at 383; 
see, Bracey, at 299).
In this case, the supporting deposition of the alleged victim, David E., states, inter alia,
that on December 16, 2004 in Queens County "the [r]espondent Christopher W., [r]espondent
Khari M. and [r]espondent Kelvin H. did forcibly steal property and aided by another person
actually present and did retrain [sic] me and did by physical menace, intentionally place or
attempt to place me in fear of death, imminent serious physical injury, or serious physical injury
[*6]
in that: [respondents] approached me together and surrounded me and hovered over me and
asked me if I had any money and I told them 'no' and then I observed the all three [r]espondents
[sic] immediately walk away together at the same time that I observed two Police Officers at
the scene. During this incident I was afraid of death, imminent serious physical injury or physical
injury because all three [r]espondents surrounded me. I was afraid they might hit me and cause
me injury."
Bearing in mind that "the prima facie case requirement is not the same as the burden of
proof beyond a reasonable doubt required at trial" (People v. Henderson, 92 NY2d 677, 680),
a review of the supporting deposition of the alleged victim reflects that there are sufficient non-
hearsay allegations to establish a prima facie case against all three respondents with respect to
both crimes charged in the petitions.
The allegations in the petition that the respondents surrounded and closely hovered
around the victim can be viewed as an attempt to intimidate the victim and is indicative of a
threatened use of force for the purpose taking the victim's property or causing him to deliver up
money or other property. While there is no proof that the completed crime of Robbery in the
Second Degree was committed and the petition indicates that the respondents "walked away"
when Police Officers appeared nearby, the factual allegations establish, if true, that the
respondents had the intent to commit a forcible stealing and that they took affirmative steps to
effect the commission of the robbery. The respondents' threatened use of force to obtain
property from the victim may be inferred from the totality of the circumstances, including their
conduct in surrounding and hovering over him while asking him for money (People v. Lopez,
161 AD2d 670, 671, lv. denied 76 NY2d 860; Matter of Eric R., 213 AD2d 310, 311; Matter of [*7]Nehial W., 232 AD2d 152; People v. Marcano, 248 AD2d 157, 158, lv. denied 91 NY2d 1009; 
People v. Spencer, 255 AD2d 167, 167-168, lv. denied 93 NY2d 879; People v. Thomas, 273
AD2d 161, 162, lv. denied 95 NY2d 908; People v. Rychel, 284 AD2d 662, 663).
Similarly, respondents' alleged conduct in surrounding the victim and hovering over
him while demanding money establishes, if true, the crime of Menacing in the Third Degree
(e.g., Matter of William A., 219 AD2d 494, 495; Matter of Pedro H., 308 AD2d 374), based
upon the victim's claim that respondents' actions placed him in fear of death, imminent serious
physical injury or physical injury (P.L. §120.15). Nevertheless, while the menacing charge is
facially sufficient (Matter of Edward B., supra), in order to prove this case at trial the Present-
ment Agency will be required to prove beyond a reasonable doubt that the victim had a well-
founded fear of death, imminent serious physical injury or physical injury (see, Matter of Akida
L., 170 AD2d 680, 681; Matter of Michael H., 294 AD2d 364, 365; Matter of Steven W., 294
AD2d 370, 371; Matter of Rosalis D., 305 AD2d 407, 408; Matter of Wanji W., 305 AD2d 690,
691).
 
E N T E R:
_________________________________
JOHN M. HUNT
Judge of the Family Court
Dated: Jamaica, New York
 February 4, 2005