■ In the Matter of ALLISON C., a Person Alleged to be a Juvenile Delinquent, Appellant. [— NYS2d —]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated November 27, 2007, which, upon a fact-finding order of the same court dated October 18, 2007, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts), robbery in the third degree, attempted robbery in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, attempted assault in the third degree, and menacing in the third degree, adjudged her to be a juvenile delinquent and placed her under the supervision of the Queens County Department of Probation for a period of two years. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (see Family Ct Act § 342.2 [2]; Matter of David H., 69 NY2d 792 [1987]; cf. People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to support the findings of fact (cf. Penal Law § 120.15; Matter of Eric C., 281 AD2d 543, 544 [2001]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see cf. CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing

the record here, we are satisfied that the findings of fact were not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]). Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.