■ In the Matter of IYANNA D., a Person Alleged to be a Juvenile Delinquent, Appellant. [903 NYS2d 483]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated July 6, 2009, which, upon a fact-finding order of the same court dated April 6, 2009, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, and after a dispositional hearing, adjudged her to be a juvenile delinquent and placed her on probation for a period of 12 months under stated terms and conditions. The appeal from the order of disposition brings up for review the fact-finding order dated April 6, 2009.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months under stated terms and conditions is dismissed as academic, without costs or disbursements, as that portion of the order of disposition expired by its own terms (see Matter of Trayvond W., 71 AD3d 683 [2010]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the pre-

sentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree (*see Matter of Shaheed W.*, 298 AD2d 204 [2002]; *Matter of Kristie II.*, 252 AD2d 807, 807-808 [1998]; *Matter of Marcel F.*, 233 AD2d 442, 443 [1996]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.*, 51 AD3d 933, 933-934 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Marcel F.*, 233 AD2d at 443; *cf. People v Romero*, 7 NY3d 633 [2006]).

The appellant's remaining contentions are without merit. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.