The People of the State of New York, Respondent, 
against
Daqwan McGill, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J.), rendered June 5, 2015, after a nonjury trial, convicting him of attempted assault in the third degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Erika M. Edwards, J.), rendered June 5, 2015, affirmed.
The verdict convicting defendant of attempted assault in the third degree (see Penal Law §§ 110.00, 120.00[1]) and harassment in the second degree (see Penal Law § 240.26[1]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility. The evidence warranted the conclusion that when defendant threw a 10-pound traffic cone at the victim after an argument, striking the victim in the back, he did so with intent to cause physical injury (see Penal Law 120.00[1]; Matter of Edward H., 61 AD3d 473, 473 [2009]), and that he came dangerously close to doing so (see People v Bracey, 41 NY2d 296, 300 [1977]; Matter of Charles C., 309 AD2d 516, 517 [2003]). The fact that the victim "managed to avoid physical injury does not preclude a finding that [defendant] attempted to inflict such injury" (see Matter of Marcel F., 233 AD2d 442, 442-443 [1996]). 
We further find that the evidence was legally sufficient to disprove defendant's defense of justification beyond a reasonable doubt. Contrary to defendant's contention, the credited testimony established that defendant's attack was not preceded by any conduct by the victim, who was walking away from defendant, that would support a reasonable belief that the use of physical force against defendant was imminent (see People v Goetz, 68 NY2d 96, 114-115 [1986]).
Defendant's request for a missing witness charge, made after both sides rested, was untimely (see People v Patten, 232 AD2d 276 [1996], lv denied 89 NY2d 988 [1997]). In any event, there is no indication that the nontestifying victim, who was also prosecuted for his conduct in the incident, was under the People's control for purposes of a missing witness charge [*2](see People v Gonzalez, 68 NY2d 424, 428-429 [1986]; see also People v Macana, 84 NY2d 173, 178 [1994]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 24, 2017