The People of the State of New York, Respondent,
against
Nitegua Ousley, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Harold Adler, J.), rendered September 18, 2014, after a nonjury trial, convicting her of two counts of attempted assault in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Harold Adler, J.), rendered September 18, 2014, affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to support the conviction. Defendant's intent to cause physical injury could be readily inferred from her actions, which included striking a police officer in the face with a closed fist (see Penal Law § 120.00[1]; Matter of Edward H., 61 AD3d 473 [2009]). The fact that the officer "managed to avoid physical injury does not preclude a finding that [defendant] attempted to inflict such injury" (Matter of Marcel F., 233 AD2d 442, 443 [1996]). Nor did defendant's struggle to avoid being handcuffed by police negate a finding that she acted with the requisite injurious intent (see People v Waite, 2002 NY Slip Op 50260[U][App Term, 1st Dept 2002], lv denied 99 NY2d 540 [2002]). Moreover, upon an independent review of the record, we find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the court's credibility determinations. 
Furthermore, the evidence was legally sufficient to disprove defendant's justification defense with respect to the count alleging that she bit one of the officers in the leg. In this regard, the court's determinations regarding credibility and the proffered defense were supported by the record (see People v Vladymir G., 194 AD2d 391 [1993], lv denied 82 NY2d 760 [1993]).
While we lament that cooler heads did not prevail on both sides and this minor dispute escalated into a physical altercation involving multiple police officers, our role as an intermediate appellate court is limited to determining on the record before us the legal sufficiency of the evidence and the weight to be given to that evidence (see People v Bleakley, 69 NY2d 490 [*2][1987]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 25, 2019