The People of the State of New York, Respondent, 
against
Byrone Hester, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Beth Beller, J.), rendered May 11, 2018, after a nonjury trial, convicting him of attempted assault in the third degree (two counts), attempted criminal obstruction of a breathing or blood circulation, and attempted endangering the welfare of a child (two counts), and imposing sentence.




Per Curiam.
Judgment of conviction (Beth Beller, J.), rendered May 11, 2018, affirmed.
The verdict convicting defendant of attempted assault in the third degree (two counts) (see Penal Law §§ 110.00, 120.00[1]) and attempted criminal obstruction of breathing or blood circulation (see Penal Law §§ 110.00, 121.11[a]), was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility. The credited testimony established that defendant grabbed the complainant, the mother of his three-year-old daughter, choked her by placing his hands around her neck and punched her in the face four times, causing her to have difficulty breathing and to almost lose consciousness, then attempted to bite the complainant's 21-year-old daughter when she sought to intervene. Defendant's intent to cause physical injury (see Penal Law § 120.00[1]) and to impede the normal circulation of the blood (see Penal Law § 121.11[a]) may be inferred from his actions and the surrounding circumstances (see People v Briggs, 129 AD3d 1201, 1203 [2015], lv denied 26 NY3d 1038 [2015]; Matter of Marcel F., 233 AD2d 442, 442-443 [1996]).
With respect to the charges of endangering the welfare of a child, defendant's legal sufficiency claim is unpreserved (see People v Hawkins, 11 NY3d 484, 492 [2008]), and we decline to review it in the interest of justice. Similarly unpreserved is defendant's claim that the child endangerment statute is unconstitutionally vague, a claim which, in any event, is without merit (see People v McMullan, 169 AD3d 608 [2019], lv denied 33 NY3d 1071 [2019] ["Penal Law § 260.10[1] is not unconstitutionally vague, either on its face, or as applied to defendant"]). 
We have considered and rejected defendant's remaining arguments, including his ineffective assistance of counsel claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 30, 2020