People v Mejia (2024 NY Slip Op 50267(U))

[*1]

People v Mejia (Candido)

2024 NY Slip Op 50267(U)

Decided on March 15, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

571114/15

The People of the State of New York, Respondent,
against
Candido Mejia, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Gilbert C. Hong, J.), rendered October 28, 2015, after a nonjury trial, convicting him of attempted assault in the third degree and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Gilbert C. Hong, J.), rendered October 28, 2015, affirmed.
Defendant's claim that the evidence was legally insufficient to establish the intent elements of attempted assault in the third degree (see Penal Law §§ 110.00, 120.00[1]) and harassment in the second degree (see Penal Law § 240.26[1]) is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject the claim on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the court's determinations concerning credibility. The evidence, including the credited testimony of complainant and photographs of her injuries, supports the conclusion that defendant punched complainant in the eye twice as she lay in bed, scratched her neck and berated her, and that when he did so, he intended to cause physical injury (see Penal Law § 120.00[1]; Matter of Edward H., 61 AD3d 473 [2009]; Matter of Marcel F., 233 AD2d 442, 442-443 [1996]) and to harass, annoy or alarm (see People v Gordon, 23 NY3d 643, 650 [2014]). Contrary to defendant's present argument, there was no evidence that he was so intoxicated as to be unable to form the requisite intent (see Penal Law § 15.25; People v Saavedra, 39 AD3d 316, 317 [2007], lv denied 9 NY3d 850 [2007])
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 15, 2024