People v Longmore (2024 NY Slip Op 51402(U))

[*1]

People v Longmore (Marlando)

2024 NY Slip Op 51402(U)

Decided on October 15, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 15, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570616/17

The People of the State of New York, Respondent, 
against
Marlando Longmore, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Shari Ruth Michels, J.), rendered July 14, 2016, after a nonjury trial, convicting him of attempted assault in the third degree, attempted criminal mischief in the fourth degree, two counts of attempted endangering the welfare of a child, and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Shari Ruth Michels, J.), rendered July 14, 2016, affirmed.
Defendant's legal insufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility, including its rejection of defendant's testimony. The evidence warranted the conclusion that when defendant grabbed the victim, the mother of his two young children, by the hair, and pulled her to the ground, dragged her to the hood of his car while hitting her as she tried to kick him off, then drove away as she leaned on the car, causing numerous scrapes and cuts, defendant did so with the intent to cause physical injury (see Matter of Edward H., 61 AD3d 473 [2009]; Matter of Marcel F., 233 AD2d 442, 442-443 [1996]), and with the intent to harass, annoy and alarm (see People v Mack, 76 AD3d 467, 468 [2010], lv denied 15 NY3d 922 [2010]). 
With respect to the charges of attempted endangering the welfare of a child (see Penal Law §§ 110.00, 260.10[1]), the credited evidence established that the shared children of defendant and the victim stood at the screen door when the altercation started on the sidewalk in front of the house; that the children screamed, cried and called out for their mother; and that both children were near the bottom of the steps when defendant drove away, sending the victim rolling into the street (see People v Johnson, 95 NY2d 368, 371-372 [2000]).
With respect to the attempted criminal mischief charge (see Penal Law §§ 110.00, 145.00), the evidence, both direct and circumstantial (see People v Borrero, 26 NY2d 430, 435—436 [1970]; Matter of Kevin B., 128 AD2d 63, 70, [1987], affd 71 NY2d 835 [1988]), established that defendant was the individual who slashed a tire of the victim's vehicle. The victim testified that as she was on the phone with police shortly after the altercation, she [*2]observed defendant return on foot and bend down near her car, which was parked on the street. When she subsequently inspected the vehicle, she found the front passenger tire, which was in proper condition earlier in the day, had been slashed and deflated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 15, 2024