■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYXON CHERY, Appellant. [6 NYS3d 252]—Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered February 19, 2013, convicting defendant, after a jury trial, of robbery in the first degree and two counts of robbery in the second degree, and sentencing him to an aggregate term of five years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Whether the incident constituted a robbery or a fight presented a credibility issue for the jury, and we perceive no basis for disturbing its resolution of that issue. The victim's testimony established each of the elements of the crimes of which defendant was convicted, including the element of physical injury. The evidence supports the inference that the victim sustained substantial pain as the result of being beaten with a dangerous instrument (see People v Chiddick, 8 NY3d 445, 447 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]).

The court properly permitted the prosecution to impeach defendant with omissions from the spontaneous statement he made to the police at the time of his arrest (see People v Savage, 50 NY2d 673 [1980], cert denied 449 US 1016 [1980]). Under the circumstances, defendant's failure to make the serious accusations against the victim that defendant made at trial, while only informing the officer of relatively trivial alleged misconduct, was an unnatural omission (see People v Foy, 220 AD2d 220 [1st Dept 1995], lv denied 87 NY2d 901 [1995]).

The court properly exercised its discretion in denying defendant's request for a missing witness instruction regarding the arresting officer's partner (see generally People v Gonzalez, 68 NY2d 424, 427 [1986]). The case did not turn on police credibility, and there is no indication that the uncalled officer could

have provided material, noncumulative testimony. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Clark and Kapnick, JJ.