■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE JOHNSON, Appellant. [11 NYS3d 136]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered October 23, 2012, convicting defendant, after a jury trial, of menacing in the second degree, and sentencing him to a term of three years' probation, unanimously affirmed.

The court properly admitted the victim's statement to responding police as an excited utterance (*see generally People v Johnson*, 1 NY3d 302 [2003]). The statement at issue clearly was precipitated by an event that was startling and traumatic to the victim, notwithstanding the absence of physical injury. Her demeanor, described by the police officer as "in shock," "shaking," and "crying," indicated that she had remained under the influence of the stress of the incident despite the lapse of time (*see People v Brown*, 70 NY2d 513, 520-522 [1987]). In any event, the victim testified at trial, and "prior consistent statements are notably less prejudicial to the opposing party than other forms of hearsay, since by definition the maker of the statement has said the same thing in court as out of it, and so credibility can be tested through cross-examination" (*People v Ludwig*, 24 NY3d 221, 230 [2014]).

The court should not have participated, as a reader, in a readback of testimony over defense counsel's objection. While this is not prohibited by CPL 310.30, the Court of Appeals has cautioned that "as a general matter, a trial judge should shun engaging in readbacks of testimony," a task that should usually

be assigned to nonjudicial personnel (*People v Alcide*, 21 NY3d 687, 695 [2013]). In the present case we conclude that the court's participation did not deprive defendant of a fair trial, and does not warrant reversal. Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Richter, JJ.