■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND JONES, Appellant. [30 NYS3d 55]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered December 7, 2012, as amended February 27, 2015, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the first degree (two counts) and one count of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.

Defendant did not preserve his claim that the People improperly introduced evidence of his prearrest "selective silence" (*People v Williams*, 25 NY3d 185, 188 [2015]). Defendant had ample opportunity to place the ground of his objection on the record, and neither his general objection, nor his present speculation as to what transpired at an unrecorded bench conference, suffices to satisfy the preservation requirement. We decline to review this claim in the interest of justice. As an alternative holding, we find that, unlike the situation in *Williams* (*id.* at 191-194), the police testimony at issue did not convey to the jury that defendant had refused to answer questions. Instead, after the officer testified that when stopped by the police defendant volunteered that he had been robbed, the People simply clarified that this unelaborated remark was the totality of defendant's statement.

Defendant likewise failed to preserve his claim that he was entitled to introduce, not for the statement's truth and without revealing its substance, the fact that he made a second statement several hours after his initial statement. Nothing in the record, including the court's summary of an unrecorded bench conference, establishes that defendant ever made an offer of proof that was sufficient to alert the court to this theory of admissibility (*see People v Arroyo*, 77 NY2d 947 [1991]), and we similarly decline to review the claim in the interest of justice. As an alternative holding, we find that defendant has not established the relevance of the fact that the statement was made, or that it was admissible under the theory that the People opened the door to it.

The court's charge on reasonable doubt was not constitutionally deficient. Although the Criminal Jury Instructions contain the "preferred phrasing," the court's charge, viewed as a whole, conveyed the appropriate principles and did not dilute the standard of proof required (*see People v Cubino*, 88 NY2d 998, 1000 [1996]). To the extent that defendant is arguing that the court should have included the specific language he suggests on appeal, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal.

We have considered and rejected defendant's ineffective assistance of counsel claims relating to the issues we have found to be unpreserved (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Accordingly, we do not find that any lack of preservation may be excused on the ground of ineffective assistance.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Kapnick and Kahn, JJ.