The People of the State of New York, Appellant, 
against
Alpha Balde, Defendant-Respondent.



The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Jeanette Rodriguez-Morick, J.), dated May 4, 2015, which granted defendant's motion to dismiss the accusatory instrument.




Per Curiam.
Order (Jeanette Rodriguez-Morick, J.), dated May 4, 2015, reversed, on the law, and the superseding information reinstated.
The superseding information charging defendant with assault in the third degree and related charges satisfied the requirement of CPL 100.40(1)(c), since it contained either nonhearsay allegations or allegations which "would be admissible under some hearsay rule exception" (People v Casey, 95 NY2d 354, 361 [2000]). In this regard, the accusatory instrument states that the deponent police officer "responded within twenty minutes to a radio run for an assault in progress" and upon arriving, found the complainant "crying hysterically, wearing no pants, and [with] a red bruise to the side of her face." These allegations reasonably justify the conclusion that the victim's statements to the officer - that defendant "pulled my hair and punched me in the face," that "we have a kid together" and "I want to press charges" - qualify for admission under the excited utterance exception to the hearsay rule (see People v Johnson, 1 NY3d 302 [2003]), since the statements were made while still under the influence of the stress of the incident (see People v Johnson, 129 AD3d 486 [2015], lv denied 26 NY3d 1089 [2015]; People v Auleta, 82 AD3d 1417, 1419 [2011], lv denied 17 NY3d 813 [2011]; People v Mitchell, 46 AD3d 480 [2007], lv denied 10 NY3d 842 [2008]), and not under the impetus of studied reflection (see People v Edwards, 47 NY2d 493, 497 [1979]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: June 13, 2016