This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 159
The People &c.,
            Respondent,
        v.
Lyxon Chery,
            Appellant.




        Marisa K. Cabrera, for appellant.
        Patricia Curran, for respondent.






DiFIORE, Chief Judge:

        The issue presented by this appeal is whether it was error to allow the People to use defendant's selective silence, while making a spontaneous postdetention statement to the police, to impeach his trial testimony.  We hold that, under the circumstances presented, impeachment through cross-examination

- 1 -

was permissible in order to challenge the credibility of defendant's trial testimony as to the events that had transpired at the scene.

Shortly after midnight on April 20, 2012, defendant and another man attacked complainant, the lone employee in a small grocery store, while he was closing the store for the night.[*] Defendant robbed complainant of $215. Two witnesses, who testified at trial, observed the altercation between defendant and the complainant. When the responding officer arrived at the scene, he saw defendant with a sharp metal object in his hand and also observed a long wooden board on the sidewalk. In addition, the officer noticed that complainant had sustained injuries. The police initially placed both men in handcuffs but, after speaking with complainant and the witnesses, arrested only defendant. When the officer searched defendant, he recovered an envelope containing $215 from defendant's pocket.

Prior to trial, the court denied defendant's motion to suppress the statement defendant made to the responding officer at the scene, concluding that the statement "was spontaneous and not the product of investigation." Thus, at trial, the responding officer was permitted to testify that "defendant asked me why isn't [complainant] going to jail, he kicked my bike, he should be going to jail too."

_____

[*] The testimony at trial was that the accomplice fled the scene before the police arrived.

Defendant testified on his own behalf.  Before defendant began testifying, the prosecutor asked the court in advance for a short break to follow the direct testimony.  The prosecutor told the court that, depending upon the content of defendant's testimony, "I may . . . request some kind of motions after he testifies, opening doors, things like that."

Defendant then testified that, prior to the altercation, he had been outside the store with a friend.  Defendant claimed that, after the friend drove away, and while defendant was packing up to leave, defendant saw complainant chasing two teenage girls from the store and cursing at them for trying to steal from the store.  Defendant related that he told complainant, in essence, that it was not good for business to treat people that way.  Defendant testified that complainant then began kicking defendant's bicycle and that complainant hit him on the head with a piece of wood.  According to defendant, the two men were struggling over control of the wooden board when the police arrived and separated them.  When asked if he told the police "what was going on?", defendant testified that he told the police officer at the scene that complainant "was kicking my bike, and then we got into a fight, and if he come with the wood, that's not my wood, that's his wood."

After defendant's direct testimony, the prosecutor asked the court for permission to impeach him on cross-examination with the omissions from his initial, spontaneous

statement to the police.  The prosecutor asserted that, based on People v Savage (50 NY2d 673 [1980]), defendant was subject to impeachment because he had testified to certain events that were not included in his initial statement (i.e., complainant striking him with the wooden board) and "which logically would have been said to the police when they arrived on the scene."  The prosecutor further maintained that the situation presented here -- where a defendant provides a statement to the police at the scene and a different recitation of events at trial -- was distinguishable from the situation presented when a defendant remains silent.  Defense counsel argued that Savage was distinguishable because the defendant in Savage had received Miranda warnings prior to making his statement.  After initially expressing its own concerns that the impeachment could impact defendant's right to remain silent, the court concluded that this situation fell within the Savage rule and granted the application.

Without any further objection from defense counsel, the defendant on cross-examination contradicted himself, testifying both that he told the police that complainant had hit him with a wooden board and that he did not tell the police about being hit with the board.  He testified that he did not tell the police about the two teenage girls being chased from the store.  Moreover, defendant reiterated that he told the police that complainant had been "kicking my bike" and should be "go[ing] to

jail too."

The jury convicted defendant of robbery in the first degree and two counts of robbery in the second degree.  The Appellate Division affirmed (127 AD3d 533 [1st Dept 2015]).  The Court concluded that the unnatural omissions from defendant's spontaneous statement to the police at the scene were the proper subject of impeachment.  A Judge of this Court granted defendant leave to appeal (25 NY3d 1199 [2015]) and we now affirm.

As an initial matter, because this case involves defendant's silence in conjunction with his spontaneous, postdetention statement, this is not a case that implicates defendant's constitutional right to due process or to remain silent (see Jenkins v Anderson, 447 US 231 [1980]; Doyle v Ohio, 426 US 610 [1976]).  Rather, we consider the propriety of the People's use of defendant's significant omissions for impeachment purposes under our state's rules of evidence (see e.g. People v Conyers, 52 NY2d 454, 457 [1981]; Savage, 50 NY2d at 678).

As we have recently restated, "[i]t is a well-established principle of state evidentiary law that evidence of a defendant's pretrial silence is generally inadmissible" (People v Williams, 25 NY3d 185, 190 [2015]).  This rule applies both to the People's direct case and, "absent unusual circumstances," to impeachment of defendant's trial testimony (see 25 NY3d at 191).  The reasoning behind this restriction is that, "a defendant's silence is generally ambiguous and 'of extremely limited

probative worth'" (25 NY3d at 191, quoting Conyers, 52 NY2d at 458).

We have recognized a narrow exception to the general rule when the defendant has not, in fact, remained silent. Thus, in Savage, we held that "when given circumstances make it most unnatural to omit certain information from a statement, the fact of the omission is itself admissible for purposes of impeachment" (50 NY2d at 679). There, after receiving his Miranda warnings, Savage made statements to the police indicating that he had shot another man during an altercation. However, at trial, Savage testified that the basis of the altercation underlying the shooting was the victim's attempt to rob him and that his discharge of the weapon had been accidental. We held that, although the prosecution is not permitted to advocate that the jury draw any adverse inferences from a defendant's postarrest silence, "in a case like the one before us today, where we deal with a defendant who did not stand mute, evenhanded logic dictates that time-tested evidentiary procedures for the ascertainment of truth not be ignored" (50 NY2d at 681).

The facts of this case are different from Savage in several respects. These differences, however, support the application of our rule in Savage. Here, unlike in Savage, defendant's statement was not the product of interrogation, but was made spontaneously at the scene, prior to the issuance of Miranda warnings. In addition, the substance of defendant's

spontaneous statement was not inculpatory, but a description of the complainant's conduct and was made to inform the police when the information was timely to their decision as to whether to arrest defendant or complainant. Even more significant, defendant admitted in his direct testimony that he was not silent and that he had given the police his version of complainant's misconduct at the scene. Consequently, the credibility of his initial spontaneous statement was legitimately called into question by his trial testimony.

Here, defendant elected to provide some explanation of what happened at the scene, and it was unnatural to have omitted the significantly more favorable version of events to which he testified at trial -- that complainant had assaulted him. "[D]efendant's conspicuous omission of these exculpatory facts in his voluntary statement to police tended to show that his trial testimony was a recent fabrication" (Williams, 25 NY3d at 192).

To the extent the People went beyond the proper scope of the trial court's original Savage ruling by inquiring as to matters that preceded the altercation and would not have been unnatural omissions from the spontaneous statement (i.e., complainant chasing the girls from the store), any such argument is unpreserved, as defense counsel did not object to any testimony on that basis. Notably, in this case, there is no significant probability that the result would have been different even if the court had denied the People's request to impeach

defendant (see People v Crimmins, 36 NY2d 230, 242 [1975]).  The evidence was overwhelming and the content of defendant's spontaneous statement was already before the jury through the two conflicting versions as provided by the responding officer's testimony and defendant's direct testimony, thus allowing the jurors to draw their own conclusion as to credibility from the plainly inconsistent testimony.

Defendant's remaining arguments are without merit.

Accordingly, the order of the Appellate Division should be affirmed.

People v Lyxon Chery

No. 159

RIVERA, J.(concurring):

For the reasons stated by the majority, I agree that the facts of this case make it different from People v Savage (50 NY2d 673 [1980]) (maj op 6-7). Unlike the majority, I find those differences cannot be analytically overcome and believe that it was error to allow the People to impeach the defendant's trial testimony with his selective silence during cross-examination. Omissions from a non-exculpatory, spontaneous, pre-Miranda statement to police at the scene of the arrest do not rise to the "limited and unusual circumstances" contemplated in People v Williams (25 NY3d 185, 193 [2015]). However, because the error was harmless, and because the other claims are without merit, the Appellate Division should be affirmed.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed. Opinion by Chief Judge DiFiore. Judges Pigott, Abdus-Salaam, Stein, Fahey and Garcia concur. Judge Rivera concurs in result in a separate concurring opinion.

Decided November 1, 2016

- 1 -