The People of the State of New York, Respondent,
against
Juan Baez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (James M. Burke, J.), rendered October 28, 2011, after a nonjury trial, convicting him of attempted assault in the third degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (James M. Burke, J.), rendered October 28, 2011, affirmed. 
The superseding prosecutor's information charging defendant with attempted assault in the third degree and harassment in the second degree satisfied the requirement of CPL 100.40(1)(c), since it contained either nonhearsay allegations or allegations which "would be admissible under some hearsay rule exception" (People v Casey, 95 NY2d 354, 361 [2000]). In this regard, the factual portion of the accusatory instrument states that police responded to a radio run indicating "a male Hispanic wearing black clothing was assaulting a female"; upon arriving one minute later, the officers found the victim "sitting on the floor, crying and covering her face," "bleeding" from her mouth, while defendant, who matched the description given by the 911 caller, "was standing over" her in "an agitated state"; that the victim ran away from defendant and hugged one of the officers and "cr[ied] harder"; and that the victim "nodded yes" when asked by the officers if defendant "had hit her" and "hurt her." These allegations reasonably justify the conclusion that the victim's affirmations to the officer qualify for admission under the excited utterance exception to the hearsay rule (see generally People v Johnson, 1 NY3d 302 [2003]), since the statements were made while still under the influence of the stress of the incident (see People v Johnson, 129 AD3d 486 [2015], lv denied 26 NY3d 1089 [2015]; People v Auleta, 82 AD3d 1417, 1419 [2011], lv denied 17 NY3d 813 [2011]; People v Mitchell, 46 AD3d 480 [2007], lv denied 10 NY3d 842 [2008]), and not under the impetus of studied reflection (see People v Edwards, 47 NY2d 493, 497 [1979]).
The verdict convicting defendant of attempted assault in the third degree (see Penal Law §§ 110.00/120.00[1]) and harassment in the second degree (see Penal Law § 240.26[1]) was not against the weight of the evidence. There is no basis for disturbing the court's credibility determinations, including its assessment of police testimony and the testimony of one of the two individuals who witnessed the incident and made a 911 call. The trial court, as fact finder, [*2]reasonably could conclude that when defendant struck the non-testifying victim, causing her to bleed from the mouth, he did so with intent to cause physical injury (see Penal Law § 120.00[1]; Matter of Edward H., 61 AD3d 473, 473 [2009]; Matter of Marcel F., 233 AD2d 442, 442-443 [1996]) and with the requisite intent to "harass, annoy or alarm" (Penal Law § 240.26; People v Mack, 76 AD3d 467, 468 [2010], lv denied 15 NY3d 922 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 24, 2017