Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered February 2, 2011, convicting him of grand larceny in the second degree, grand larceny in the third degree, grand larceny in the fourth degree, falsifying business records in the first degree (seven counts), and identity theft in the first degree (six counts), upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant’s challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt as to each of the crimes for which he was convicted. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Romero, 7 NY3d 633 [2006]).
 

 The defendant failed to preserve for appellate review his contention that some of the prosecutor’s comments during summation regarding his failure to call certain witnesses to corroborate his testimony impermissibly shifted the burden of proof and deprived him of a fair trial (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]). In any event, the defendant’s contention is without merit, since where, as here, a defendant elects to present evidence of his innocence, his failure to call certain witnesses in support of his defense may be brought to the jury’s attention by the prosecutor on summation, provided that the prosecutor’s comments are, as here, not made in bad faith and are merely efforts to persuade the jury to draw inferences supporting the People’s position (see People v Wongsam, 105 AD3d 980, 981 [2013]; People v Floyd, 97 AD3d 837, 837-838 [2012]; People v Gross, 78 AD3d 1196, 1197 [2010]).
 

 The defendant’s contention that the People violated his right against self-incrimination by admitting evidence of his pretrial selective silence also is not preserved for appellate review (see CPL 470.05 [2]; People v Jones, 138 AD3d 541, 541 [2016]; cf. People v Williams, 25 NY3d 185, 190 [2015]), and, in any event, is without merit (see People v Jones, 138 AD3d at 541).
 

 The defendant’s remaining contention is without merit (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d, 708, 712 [1998]; People v Williams, 123 AD3d 1152, 1154 [2014]).
 

 Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.