Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 13, 2015, (1) convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts), and (2) which revoked defendant’s probation and imposed a sentence of imprisonment.
 

 While on probation for her conviction of criminal sale of a controlled substance in the fifth degree, defendant was charged by indictment with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. In exchange for the opportunity to participate in the judicial diversion program (hereinafter JDP), defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree and to a violation of the terms of her probation and waived her right to appeal. Pursuant to the agreement, if defendant successfully completed the JDP, her plea to the two counts of criminal sale of a controlled substance in the third degree would be vacated, she would be permitted to plea to two counts of attempted criminal sale of a controlled substance in the third degree and she would be resentenced to probation and continue probation in resolution of the violation of probation. Defendant was also informed that, if she failed to successfully complete the JDP, she faced a potential maximum prison term of 26V2 years. Subsequently, after defendant was terminated from the JDP, County Court sentenced her, as a second felony drug offender, to an aggregate prison term of seven years to be followed by three years of postrelease supervision. Defendant now appeals.
 

 We affirm. Defendant’s valid appeal waiver forecloses our review of her claim that her sentence was harsh and excessive (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Forget, 136 AD3d 1115, 1116 [2016], lv denied 28 NY3d 929 [2016]). Before accepting defendant’s plea, County Court confirmed that defendant, as a part of her plea, wished to voluntarily waive her right to appeal and further confirmed defendant’s understanding of the fact that her waiver of her right to appeal was separate and distinct from those rights that she automatically forfeited upon her plea of guilty. Defendant further acknowledged that she understood that she could not waive particular appellate rights, including any constitutional challenge based on her speedy trial right, the legality of the sentence, her own competency to stand trial and the voluntariness of her appeal waiver. Regardless of the fact that defendant never confirmed that she read and understood the written appeal waiver that she thereafter executed, this colloquy established that her waiver of the right to appeal was knowing, voluntary and intelligent (see People v Empey, 144 AD3d 1201, 1203 [2016], lv denied 28 NY3d 1144 [2017]; People v Munger, 117 AD3d 1343, 1343 [2014], lv denied 23 NY3d 1040 [2014]).
 

 Garry, J.P., Egan Jr., Mulvey, Aarons and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.