The People of the State of New York, Appellant, 
against
Robert Bryant, Defendant-Respondent.



The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Laurence E. Busching, J.), dated April 27, 2016, which granted defendant's motion to dismiss the accusatory instrument.




Per Curiam.
Order (Laurence E. Busching, J.), dated April 27, 2016, reversed, on the law, and the superseding information reinstated.
Criminal Court erred in dismissing the accusatory instrument on facial sufficiency and speedy trial grounds. The People's superseding information, filed on November 2, 2015, was not jurisdictionally defective. The instrument contained sworn allegations by a police sergeant alleging that he was "flagged down" by an individual prior to receiving a radio run for an assault in progress; that "upon arriving at the [stated] location, a private house," he observed the complaining witness, who "was crying and visibly upset," sitting on the front steps "bleeding from the mouth," "missing a tooth ... and [with] swelling on her forehead"; and that the complaining witness identified her husband as the perpetrator, stating "MY HUSBAND BEAT ME UP. HE IS IN THE HOUSE. HIS NAME IS ROBERT. HE PUNCHED ME NUMEROUS TIMES IN THE FACE."
Giving these facts "a fair and not overly restrictive or technical reading" (People v Casey, 95 NYd 354, 360 [2000]), we find the sworn police allegations were sufficient to establish reasonable cause to believe and a prima facie case that defendant was guilty of assault in the third degree (see Penal Law § 120.00[1]) and harassment in the second degree (see Penal Law § 240.26[1]). Contrary to defendant's contention, the superseding information satisfied the nonhearsay requirement of CPL 100.40(1)(c) since it contained either nonhearsay allegations or allegations which "would be admissible under some hearsay rule exception" (People v Casey, 95 NY2d at 361). In this regard, the allegations reasonably justify the conclusion that the victim's statements to the officer qualify for admission under the excited utterance exception to the hearsay rule (see People v Johnson, 1 NY3d 302 [2003]), since the statements were made while still under the influence of the stress of the incident (see People v Johnson, 129 AD3d 486 [2015], lv denied 26 NY3d 1089 [2015]; People v Auleta, 82 AD3d 1417, 1419 [2011], lv denied [*2]17 NY3d 813 [2011]; People v Mitchell, 46 AD3d 480 [2007], lv denied 10 NY3d 842 [2008]), and not under the impetus of studied reflection (see People v Edwards, 47 NY2d 493, 497 [1979]).
Inasmuch as the People converted the accusatory instrument into a facially sufficient information on November 2, 2015, which was well within the period of readiness prescribed by CPL 30.30[1][b]), the motion to dismiss on speedy trial grounds should have been denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 22, 2018