People v Lomax (2018 NY Slip Op 03778)





People v Lomax


2018 NY Slip Op 03778


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

108681

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RUFUS M. LOMAX, Appellant.

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


John R. Trice, Elmira, for appellant.
Matthew VanHouten, District Attorney, Ithaca (Eliza R. Filipowski of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Tompkins County (Cassidy, J.), rendered October 2, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Pursuant to a plea agreement that was embodied in a plea memorandum,[FN1] defendant waived indictment and pleaded guilty to
the reduced charge of criminal possession of a controlled substance in the third degree as charged in a superior court information. The agreement, which required a waiver of appeal, satisfied numerous drug-related charges. Consistent with the agreement, County Court sentenced defendant, as an admitted predicate felony offender, to a prison term of five years with three years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, we find that his waiver of appeal is valid. A waiver of appeal was included in the plea memorandum, which the parties discussed at a conference with County Court and defendant and defense counsel signed at a preplea proceeding; defendant also had an opportunity to review the memorandum with counsel during the plea allocution. Before accepting defendant's guilty plea, the court explained the meaning of an appeal, made clear that the waiver of appeal was not an automatic consequence of the guilty plea and ascertained that defendant wished to accept the terms of the plea agreement. At the end of the plea allocution, defendant and defense counsel signed a detailed written waiver of appeal in open court, which they reaffirmed by again signing it following sentencing [FN2]. While defendant never confirmed on the record that he had read and reviewed the written waiver of appeal with counsel, which is the better practice, we find that, considering the circumstances surrounding the waiver and defendant's experience, the record establishes that the waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Nichols, 155 AD3d 1186, 1187 [2017]; People v Empey, 144 AD3d 1201, 1202-1203 [2016], lv denied 28 NY3d 144 [2017]). Defendant's valid appeal waiver forecloses his challenge to the sentence as harsh and excessive (see People v Pacherille, 25 NY3d 1021, 1023 [2015]; People v Lopez, 6 NY3d at 256; People v Nichols, 155 AD3d at 1187).
Defendant's claim that he was denied the effective assistance of counsel survives his waiver of appeal but was not preserved by an appropriate postallocution motion (see CPL 220.60 [3]; People v Taylor, 144 AD3d 1317, 1318 [2016], lvs denied 28 NY3d 1144, 1151 [2017]). During the plea allocution, County Court had agreed to recommend a shock program, but had not guaranteed that defendant would be deemed eligible or appropriate for this program (compare People v Muhammad, 132 AD3d 1068, 1069 [2015]). On the initial date set for sentencing, defense counsel advised the court that, based upon his postplea research, he believed that defendant would not be eligible for a shock program due to his criminal history (see Correction Law § 865 [1]; 7 NYCRR 1800.4 [b]); counsel asked the court to order a drug treatment program as an alternative, which the People opposed on the ground that defendant was ineligible. At sentencing weeks later, defense counsel indicated that, because he had not advised defendant prior to his guilty plea that he would not be eligible for a shock program, he may have provided ineffective representation. However, after conferring with counsel, defendant declined the opportunity to withdraw his guilty plea, aware that his eligibility for a shock program had not been determined. "[I]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Taylor, 144 AD3d at 1319 [internal quotation marks, brackets and citations omitted]). Were we to address defendant's claim, we would find that he received meaningful representation. Defendant's remaining claims have been considered and determined to lack merit.
Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The plea memorandum, signed by defendant and defense counsel approximately two weeks prior to the plea proceedings, originally promised a sentence of 5½ years in prison with three years of postrelease supervision. That memorandum was modified during the plea allocution, after the People agreed to a five-year prison sentence. Defendant was provided an opportunity to review the plea memorandum with counsel during the plea proceedings.

Footnote 2: As part of the plea, defendant and his counsel also signed a forfeiture stipulation and waiver in which defendant agreed to forfeit a large quantity of cash discovered in relation to the drug charges. That stipulation also included a waiver of appeal with regard to the forfeiture.