People v Koltun (2018 NY Slip Op 05199)





People v Koltun


2018 NY Slip Op 05199


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2014-03715
 (Ind. No. 10-00778)

[*1]The People of the State of New York, respondent,
v
Victor N. Koltun, appellant.


Leonard J. Levenson, New York, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Nicholas D. Mangold and Andrew Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas De Rosa, J.), rendered March 12, 2014, convicting him of murder in the first degree (three counts), conspiracy in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant stands convicted of murder in the first degree (three counts), conspiracy in the second degree (two counts), and criminal possession of a weapon in the second degree based on his acting in concert with two accomplices he hired to kill two men who were attempting to collect money the defendant purportedly owed one of the victims. The trial testimony of police witnesses revealed that the defendant, in a detailed statement to the police, admitted that he met with the two victims, but did not inform the police that he was accompanied by his two accomplices. Rather, he claimed that he met the victims "by himself." The defendant told the police that after he informed the victims that he was unable to pay his debt in full, the defendant left the scene while the two victims were still alive.
The defendant later told his cellmate, who testified at the trial, that he was not truthful in his statement to the police, and that he had brought his hired accomplices with him with the intent to kill the victim to whom he owed money. Other trial evidence established that the defendant was accompanied by his accomplices to the scene of the crime. The defendant did not testify at the trial. However, his defense at trial was that his two accomplices killed the victims without the defendant's authorization.
The defendant's contention that the County Court erred in permitting testimony from police witnesses regarding the defendant's failure to inform the police regarding the participation of his two accomplices is unpreserved for appellate review and, in any event, without merit. The defendant's omission of the participation of his accomplices cannot be characterized as "selective silence" (People v Williams, 25 NY3d 185, 189), but rather, is indicative of the defendant's conflicting versions of the events, from which it could be inferred that he was not being truthful when he spoke to the police (see People v Jones, 138 AD3d 541). A false exculpatory statement of [*2]the defendant may be admitted in evidence as part of the People's case in chief to demonstrate consciousness of guilt (see People v Moses, 63 NY2d 299, 308; People v Benzinger, 36 NY2d 29, 34; People v Ruberto, 10 NY2d 428; People v Davila, 108 AD2d 108). The defendant's statements to the police were relevant, since they demonstrated his consciousness of guilt. He was concealing the participation of his accomplices, hired by him to murder a man to whom the defendant owed money.
The defendant failed to make timely and unequivocal requests to proceed pro se (see People v Silburn, 31 NY3d 144). The record indicates that the requests he did make were dilatory tactics. Further, prior to the trial, the defendant explicitly withdrew his application to proceed pro se at the trial. Accordingly, his right to proceed pro se was not violated.
The defendant's contention that trial counsel was ineffective is without merit. The defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failures (see People v Every, 29 NY3d 1103; People v Taylor, 1 NY3d 174, 177). The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 146-147).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court