People v Martinez (2018 NY Slip Op 08196)





People v Martinez


2018 NY Slip Op 08196


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

107838

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
HECTOR MARTINEZ, Appellant.

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Timothy S. Brennan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Daniel Young, Law Intern), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Schenectady County (Milano, J.), rendered May 15, 2015, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree, criminal contempt in the second degree and criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to criminal contempt in the second degree, criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree in full satisfaction of three indictments that had been consolidated. He waived his right to appeal and, consistent with the plea agreement, County Court sentenced defendant, as a second felony offender, to an aggregate prison term of six years to be followed by three years of postrelease supervision. Defendant appeals.
Initially, defendant's combined oral and written waiver of appeal is valid because the record reflects that County Court properly explained the separate and distinct nature of the right to appeal from the trial-related rights that are automatically forfeited by pleading guilty and ascertained that defendant had discussed the appeal waiver with counsel and understood it before he signed the written waiver (see People v Wood, 161 AD3d 1447, 1448 [2018]; People v Chaney, 160 AD3d 1281, 1282-1283 [2018], lv denied 31 NY3d 1146 [2018]). Defendant's claim that his plea was not knowing, voluntary and intelligent survives a valid appeal waiver, but is unpreserved for our review because the record does not indicate that he made an appropriate postallocution motion (see People v Jackson, 163 AD3d 1360, 1360-1361 [2018]; People v Wood, 161 AD3d at 1449), and the narrow exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or the voluntariness of his plea (see People v Jackson, 163 AD3d at 1361; People v Wood, 161 AD3d at 1449). Further, defendant's valid appeal waiver forecloses him from [*2]challenging the agreed-upon sentence as harsh and excessive (see People v Nichols, 155 AD3d 1186, 1187 [2017]).
Defendant's contention that he was denied the effective assistance of counsel by counsel's failure to adequately explain the plea agreement survives the appeal waiver to the extent that it impacts the voluntariness of his plea, but is unpreserved for our review because the record does not reflect that he made an appropriate postallocution motion (see People v White, 164 AD3d 959, 960 [2018]; People v Robinson, 155 AD3d 1252, 1253 [2017], lv denied 30 NY3d 1119 [2018]). To the extent that defendant's contention in this respect involves matters outside of the record, it is more appropriately raised in a motion pursuant to CPL article 440 (see People v Pickett, 128 AD3d 1275, 1276 [2015], lvs denied 26 NY3d 930, 933 [2015]).
McCarthy, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.