People v Lago (2019 NY Slip Op 00499)





People v Lago


2019 NY Slip Op 00499


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

108525

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAMES S. LAGO, Appellant.

Calendar Date: January 4, 2019

Before: Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered May 16, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.
Defendant pleaded guilty to criminal possession of a forged instrument in the second degree in satisfaction of a two-count indictment as well as other charged and uncharged crimes. As part of his guilty plea, he waived his right to appeal, both orally and in writing. Thereafter, he was sentenced as a second felony offender to 3½ to 7 years in prison pursuant to the terms of the plea agreement. Defendant now appeals.
Defendant contends that his appeal waiver is invalid and does not preclude review of his sentence, which he claims is harsh and excessive. We disagree. The record discloses that County Court provided a thorough explanation of the consequences of the appeal waiver, listing specific rights that were unaffected by the waiver, including the right to challenge a speedy trial violation, the legality of the sentence, defendant's competency to stand trial and the voluntariness of the waiver (see People v Nichols, 155 AD3d 1186, 1187 [2017]). The court further advised defendant that the right to appeal was separate and distinct from other rights that he was forfeiting by pleading guilty. The court then presented defendant with a comprehensive written appeal waiver that he reviewed with his attorney and signed in open court after confirming that he understood its contents and was voluntarily giving up his right to appeal. Under these circumstances, we find that the appeal waiver is valid and forecloses any challenge to the severity of the sentence (see People v Martinez, 166 AD3d 1376, 1377 [2018]; People v Carter, 166 AD3d 1212, 1213 [2018]).
Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.