People v Ward (2019 NY Slip Op 02758)





People v Ward


2019 NY Slip Op 02758


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

109629

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANDRE WARD, Appellant.

Calendar Date: March 15, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Paul J. Connolly, Delmar, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Coccoma, J.), rendered June 28, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal sexual act in the first degree.
Defendant was charged in a seven-count indictment with predatory sexual assault, criminal sexual act in the first degree, strangulation in the second degree as a sexually motivated felony, assault in the second degree as a sexually motivated felony, criminal possession of a weapon in the third degree, unlawful imprisonment in the second degree and menacing in the second degree (141 AD3d 853, 853 [2016]). The charges stemmed from an incident during which defendant forcibly compelled the victim to perform oral sex on him and, in the course thereof, brandished a knife and stabbed, choked and threatened to kill the victim (id.)[FN1]. In full satisfaction of the charges, defendant pleaded guilty to the reduced charge of attempted criminal sexual act in the first degree and, in connection therewith, waived his right to appeal. Defendant was thereafter sentenced, in accordance with the plea agreement, to eight years in prison and 15 years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, the plea colloquy demonstrates that he knowingly, voluntarily and intelligently waived his right to appeal. At the outset of the plea proceeding, County Court advised defendant that the waiver of the right to appeal was a condition of the plea agreement, and the record demonstrates that defendant agreed to the terms of the plea bargain (see People v Peryea, 169 AD3d 1120, 1120 [2019]; People v Cherry, 166 AD3d 1220, 1221 [2018]; People v Koontz, 166 AD3d 1215, 1216 [2018], lv denied ___ NY3d ___ [Feb. 6, 2019]). County Court explained to defendant that, although he would ordinarily [*2]retain the right to appeal his conviction and sentence, the plea agreement required that he waive his right to appeal, and the court listed a "few reviewable issues [that] survive a valid appeal waiver" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Lago, 168 AD3d 1281, 1281 [2019]; People v Carter, 166 AD3d 1212, 1213 [2018]). In addition, defendant executed in open court a written appeal waiver stating that he was voluntarily, knowingly and intelligently waiving his right to appeal, which was beyond those trial-related rights that he was giving up by entering a guilty plea, and that he was relinquishing his right to appeal all matters relating to the conviction and sentence (see People v Moore, 167 AD3d 1158, 1159 [2018]; People v Williams, 167 AD3d 1084, 1085 [2018], lv denied ___ NY3d ___ [Feb. 7, 2019]; People v McClain, 165 AD3d 1345, 1345 [2018]). Although County Court never confirmed with defendant that he read and understood the written appeal waiver that he executed in open court, defendant acknowledged during the plea colloquy that defense counsel had reviewed and discussed the written appeal waiver with him (see People v Nichols, 155 AD3d 1186, 1187 [2017]; People v Empey, 144 AD3d 1201, 1203 [2016], lv denied 28 NY3d 1144 [2017]). Accordingly, defendant's argument that his sentence is harsh and excessive is precluded by his valid waiver of the right to appeal (see People v Lopez, 6 NY3d at 256; People v Freeman, 169 AD3d 1115, 1116 [2019]; People v Watkins, 166 AD3d 1239, 1240 [2018]).
Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: In 2014, defendant, following a jury trial, was convicted of six of the counts specified in the indictment; however, on appeal, this Court reversed the judgment of conviction and remitted for a new trial (141 AD3d at 859-861).