<partyblock>

The People of the State of New York, Respondent,

against

Laimont McDonald, Defendant-Appellant.

In consolidated criminal appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Diana M. Boyar, J.), rendered April 7, 2014, after a jury trial, convicting him of forcible touching, sexual abuse in the third degree, and resisting arrest, and imposing sentence and (2) a judgment (same court and Judge), rendered April 7, 2014, convicting him, upon his plea of guilty, of forcible touching, and imposing sentence.

Per Curiam.

Judgments of conviction (Diana M. Boyar, J.), each rendered April 7, 2014, affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the court's determination concerning credibility. The credited testimony of two plain-clothes police officers established that defendant, who was initially observed standing on a subway platform while several trains passed by, followed a female onto a crowded train, positioned himself directly behind her, and then bent his knees and repeatedly thrust his groin against the woman's buttocks. Indeed, we note that defendant does not challenge either the weight or the sufficiency of the evidence against him.

Defendant's claims of error in evidentiary rulings do not require reversal. The court properly admitted the nontestifying victim's statement to a police officer as an excited utterance (see generally People v Johnson, 1 NY3d 302 [2003]). The statement, made within a minute after the victim exited the subway car and was approached by police, clearly was precipitated by a startling event, the unwanted sexual contact, while the victim, described by police as "look[ing] nervous and scared" with a "flushed red" face, was still visibly upset (see People v Brown, 177 AD3d 409 [2019]; People v Johnson, 129 AD3d 486 [2015], lv denied 26 NY3d 1089 [2015]). Nor was the statement testimonial, since the circumstances objectively indicated that its primary [*2]purpose was to enable the authorities, who had observed the incident, to inquire of the victim's well-being and her possible need for further assistance. Nor was the statement elicited through structured police questioning (see Crawford v Washington, 541 US 36, 53 n 4 [2004]; see also New York v Quarles, 467 US 649, 658
67 [2005], appeal dismissed 7 NY3d 831 [2006]). In any event, any error in the admission of the statement was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).

Defendant did not preserve his claim that the People improperly introduced evidence of his pre-arrest "selective silence" (People v Williams, 25 NY3d 185, 193 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we reject that contention inasmuch as the police testimony at issue did not convey to the jury that defendant had refused to answer questions or that he remained silent in response to police questioning (see People v Jones, 138 AD3d 541 [2016], lv denied 27 NY3d 1152 [2016]). Instead, after the officer testified on cross-examination that defendant had stated "no, no, no I didn't do anything," and the defense argued that defendant and the victim may have known each other or that any contact was accidental, the People simply clarified that this unelaborated remark was the totality of defendant's statement after his arrest (see People v Chery, 28 NY3d 139, 144 [2016]; People v Jones, 138 AD3d at 541). In any event, even assuming the trial court erred in admitting the challenged evidence, any error was harmless given the overwhelming evidence of defendant's guilt.

In view of our determination, we need not reach any other issue.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur  

Decision Date: February 28, 2020

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>