People v Crosby (2022 NY Slip Op 50009(U))

[*1]

People v Crosby (Christopher)

2022 NY Slip Op 50009(U) [73 Misc 3d 148(A)]

Decided on January 10, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through January 13, 2022; it
will not be published in the printed Official Reports.

Decided on January 10, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Silvera, JJ.

570794/17
The People of the State of
New York, Respondent,
against
Christopher Crosby,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ann E. Scherzer, J.), rendered November 8, 2017, after a nonjury trial, convicting
him of sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered November 8, 2017, affirmed. 
The verdict was supported by legally sufficient evidence and was not against the weight of
the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for
disturbing the court's determination concerning credibility. The credited testimony of two
plain-clothes police officers established that defendant followed a female onto a subway train,
positioned himself directly behind her, and repeatedly thrust his groin back and forth against the
woman's buttocks. After the victim moved, defendant followed her and again pressed his groin
into her buttocks. We note that defendant does not seriously challenge either the weight or
sufficiency of the evidence on appeal.
Defendant's claims of error in evidentiary rulings do not require reversal. The court properly
admitted the nontestifying victim's statement to a police officer as an excited utterance (see
generally People v Johnson, 1 NY3d 302 [2003]). The statement, made within a minute after
the victim exited the subway car and was approached by police, clearly was precipitated by a
startling event, the unwanted sexual contact, while the victim, described by police as looking
angry with a "flushed red" face, was still visibly upset (see People v Brown, 177 AD3d 409 [2019], lv denied 34
NY3d 1126 [2020]; People v
Johnson, 129 AD3d 486 [2015], lv denied 26 NY3d 1089 [2015]). Nor was the
statement testimonial, since the circumstances objectively indicated that its primary purpose was
to enable the authorities, who had observed the incident, to inquire of the victim's well-being and
her possible need for further assistance. Nor was the statement elicited through structured police
questioning (see Crawford v Washington, 541 US 36, 53 n 4 [2004]; see also New
York v Quarles, 467 US 649, 658—659 [1984]; People v Diaz, 21 AD3d 58, 66—67 [2005], appeal
dismissed 7 NY3d 831 [2006]).
In any event, any error in the admission of the statement was harmless in light of the
overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230
[1975]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 10, 2022