■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY PAYNE, Appellant. [652 NYS2d 273] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered October 5, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

We reject defendant's contention that he was unduly prejudiced by the rebuttal testimony of the undercover police officer, since that testimony "properly addressed facts that were first put in issue by the defense after the People's direct case" (*People v Figueroa*, 188 AD2d 269, *lv denied* 81 NY2d 788). Defendant testified that despite the fact that he told the undercover that the cocaine was "beat", the officer put money in defendant's hands and took two ziplock bags. Under these circumstances, it was proper for the undercover, on rebuttal, to state that defendant had never said that the drugs were "beat", and that, based on his police training, he never would have purchased any beat drugs. We also find that it was appropriate for the officer to reiterate the testimony he gave on direct examination concerning the physical exchange in order

to clarify his version that it was *defendant* who took the money and placed the bags in the officer's hand, thereby actively facilitating the sale. Finally, it was proper to elicit that the street corner where the sale took place was not busy with people or traffic in order to establish that it was quiet enough for the undercover to have known whether or not defendant said that the cocaine was "beat". To the extent that any of the rebuttal testimony may not have been "technically of a rebuttal nature", it was properly admitted as a matter of discretion (CPL 260.30 [7]).

In light of the officer's testimony at the *Hinton* hearing, which included evidence of death threats against him, the courtroom was properly closed during the undercover officer's testimony. The undercover officer's testimony of his use of disguises did not render closure unnecessary.

We have considered defendant's remaining contentions and we find them without merit. Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.