■ The People of the State of New York, Respondent, v Tony Davis, Appellant. [748 NYS2d 488] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered June 12, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of 6 to 12 years, unanimously affirmed.

The court properly exercised its discretion in admitting rebuttal testimony that clarified the People's version of events, in response to issues raised during defendant's testimony (*see People v Payne*, 235 AD2d 235, *lv denied* 89 NY2d 1039). Even if the testimony was "not technically of a rebuttal nature," the court had discretion to allow it (CPL 260.30 [7]; *see also People v Harris*, 57 NY2d 335, 345, *cert denied* 460 US 1047). Defendant was not unduly prejudiced by the rebuttal testimony.

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Rather than mischaracterizing the defense, the prosecutor properly explained why the People's version of the incident was more credible than defendant's. Furthermore, the prosecutor's fair comments on the evidence did not vouch for witnesses or shift the burden of proof. Concur—Andrias, J.P., Ellerin, Rubin, Friedman and Gonzalez, JJ.