■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS NUNEZ, Appellant. [875 NYS2d 484]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered March 13, 2007, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree (two counts) and burglary in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 30 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There was probable cause for defendant's arrest based on evidence that he had pawned property taken in a robbery (*see People v Radoncic*, 239 AD2d 176, 179 [1997], *lv denied* 90 NY2d 897 [1997]). Defendant's recent, exclusive possession of the property warranted the inference that he was guilty of either robbery or criminal possession of stolen property (*see People v Galbo*, 218 NY 283, 290 [1916]), and the possibility that he might have innocently acquired the property did not negate probable cause, which does not require proof beyond a reasonable doubt (*see People v Tinort*, 272 AD2d 206, 207 [2000], *lv denied* 95 NY2d 872 [2000]). The record also supports the court's finding that the lineup was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

The evidence was sufficient to establish the physical injury element of the second-degree robbery convictions. The jury was entitled to credit the victims' descriptions of their injuries (*see People v Guidice*, 83 NY2d 630, 636 [1994]), and to draw the conclusion that these injuries were more than mere "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]; *see also People v Chiddick*, 8 NY3d 445, 447 [2007]).

The People's rebuttal evidence clearly tended to disprove defendant's case (*see e.g. People v Payne*, 235 AD2d 235 [1997], *lv denied* 89 NY2d 1039 [1997]), and defendant's arguments to the contrary are without merit. We are aware of no rule requiring the People to anticipate evidence a defendant might introduce and "rebut" it in advance on their direct case. In any event, the testimony presented on rebuttal was admissible as a matter of discretion (*see* CPL 260.30 [7]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Friedman, Moskowitz and Acosta, JJ.