The People of the State of New York, Respondent,
against
Alexander Sokolov, Appellant.



Appeals from judgments of the Criminal Court of the City of New York, Kings County (Desmond A. Green, J.), rendered July 13, 2012. The judgments convicted defendant, upon his pleas of guilty, of criminal possession of stolen property in the fifth degree, two charges of petit larceny, and criminal possession of a controlled substance in the seventh degree, respectively.




ORDERED that the judgments of conviction are affirmed.
On June 25, 2012, pursuant to a comprehensive plea and sentencing disposition, defendant pleaded guilty to criminal possession of stolen property in the fifth degree, two charges of petit larceny, and criminal possession of a controlled substance in the seventh degree, in satisfaction of four informations. In the course of the plea proceedings, the Criminal Court made no reference to the waiver of trial-related constitutional rights (see People v Tyrell, 22 NY3d 359 [2013]) or the immigration consequences of his pleas. At the July 13, 2012 sentencing, defendant did not dispute the portions of the presentence report which referred to him as an "illegal alien" or to the fact that "[an] immigration judge [had] issued a final order of removal for [his] return to his native country." He was sentenced, according to the terms of his plea agreement, to four concurrent terms of six months' incarceration. Defendant has served his sentences.
On appeal, defendant argues that the portions of the accusatory instruments that allege the four charges to which he pleaded guilty are jurisdictionally defective. He further contends that the Criminal Court's failure to confirm either his understanding that, by pleading guilty, he waived certain trial-related constitutional rights or his awareness of the immigration consequences of the convictions, requires that the guilty pleas be vacated, and that, because he has served his sentences, the accusatory instruments should be dismissed. We reject these contentions and affirm the judgments of conviction.
Upon an examination of the accusatory instruments to which defendant pleaded guilty, we find the informations facially sufficient (see People v Jennings, 69 NY2d 103, 118 [1986]; People v Olivo, 52 NY2d 309, 318-319 [1981]; People v Nunez, 61 AD3d 409, 409 [2009]; People v Schillaci, 68 AD2d 124, 126 [1979]; People v Blanis, 47 Misc 3d 137[A], 2015 NY Slip Op 50524[U], *1 [App Term, 1st Dept 2015]; People v Torres, 47 Misc 3d 24 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Further, while the plea proceedings concluded without a reference to the waiver of trial-related constitutional rights identified in Tyrell (22 NY3d at 365) as essential to a knowing, voluntary and intelligent plea, the claim of error is not [*2]preserved for appellate review as there was sufficient time between the pleas (June 25, 2012) and sentencing (July 13, 2012) to afford defendant a reasonable opportunity to move to withdraw his pleas, which he failed to do (see People v Conceicao, 26 NY3d 375 [2015]; People v Peque, 22 NY3d 168, 182 [2013]; People v Lopez, 71 NY2d 662, 665 [1988]). Additionally, in light of the several months' representation by counsel, from defendant's initial arraignment until the plea proceedings, which included pretrial hearings, defendant clearly had ample opportunity to discuss the consequences of a plea as it relates to trial-related constitutional rights (Conceicao, 26 NY3d 375).
Finally, we reject defendant's claim that he pleaded guilty without understanding the immigration consequences thereof. At the plea and sentencing, defendant's trial counsel informed the Criminal Court that he had conferred with defendant with respect to the risks to his immigration status resulting from the guilty pleas, the basis of which was also set forth in the presentence report. In light of defendant's awareness of the issue and his failure to move to withdraw his pleas prior to sentencing, the claim is unpreserved for appellate review (see Peque, 22 NY3d at 182-183; People v Balbuena, 123 AD3d 1384, 1385 [2014]; People v Rodriguez, 115 AD3d 884 [2014]). If it is defendant's claim that his counsel's advice was inadequate or erroneous, it must be raised in a motion pursuant to CPL 440.10.
Accordingly, the judgments of conviction are affirmed. 
Pesce, P.J., Weston and Solomon, JJ., concur.
Decision Date: April 13, 2016