People v Morehouse (2022 NY Slip Op 01205)





People v Morehouse


2022 NY Slip Op 01205


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

109978
[*1]The People of the State of New York, Respondent,
v
Scott Morehouse, Appellant.

Calendar Date:January 12, 2022

Before:Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Matthew D. Burin of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered August 23, 2017, upon a verdict convicting defendant of the crime of assault in the second degree.
While in jail awaiting the disposition of unrelated charges, defendant was involved in a physical altercation with a fellow incarcerated individual (hereinafter the victim), which resulted in the victim sustaining a number of facial fractures and defendant being charged with assault in the second degree. Defendant then successfully moved to suppress certain statements he made to correction officers outside the presence of counsel and proceeded to trial. Defendant elected to testify on his own behalf and did not deny his actions, instead claiming that he acted in self-defense and that he had told one correction officer as much immediately following the incident. The People then sought, among other relief, to offer certain evidence in rebuttal, including defendant's suppressed statements, to demonstrate that his claim of self-defense was a recent fabrication, and County Court granted that application in pertinent part. The jury ultimately found defendant guilty as charged, and he was sentenced, as a second felony offender, to the maximum prison term of seven years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant's claim of improper rebuttal evidence is unavailing. "Rebuttal evidence may be offered to contradict the testimony of a witness or to disprove 'some affirmative fact which the answering party has endeavored to prove'" (People v Shepherd, 83 AD3d 1298, 1301 [2011], lv denied 17 NY3d 809 [2011], quoting People v Harris, 57 NY2d 335, 345 [1982], cert denied 460 US 1047 [1983]; see People v Nunez, 61 AD3d 409, 410 [2009], lv denied 12 NY3d 927 [2009]). Additionally, it is well established that voluntary "statement[s] obtained in violation of any aspect of a defendant's Miranda rights, although not admissible as evidence-in-chief, may be used to impeach a defendant who chooses to take the stand and whose testimony is inconsistent with his [or her] illegally obtained statement" (People v Maerling, 64 NY2d 134, 140 [1984]; see People v Kulis, 18 NY2d 318, 322-323 [1966]; People v Martin, 8 AD3d 883, 886 [2004], lv denied 3 NY3d 677 [2004]).[FN1]
As relevant here, defendant testified that he and the victim got into a heated conversation while in a common area of the jail, after which the victim walked away. The victim returned shortly thereafter and, according to defendant, threatened to stab defendant in the neck with a pen. When the victim subsequently moved closer to him, defendant, suspecting the victim was holding a pen in his concealed hand, assaulted him. Defendant went on to testify that he then informed a correction officer that he had acted in self-defense. In contrast, defendant's suppressed statements were, in sum and substance, that the victim had directed an antagonistic, sexually explicit remark toward [*2]him, prompting defendant to caution him not to repeat the remark or else defendant would become physically violent with him. When the remark was repeated, defendant assaulted the victim, and defendant later stated that, next time, the victim would not make such a remark. On cross-examination, defendant recalled conveying a version of that remark to the aforementioned correction officer, but he indicated that the altercation "[h]ad nothing to do with that." In rebuttal, that correction officer and one other correction officer also present at the scene testified consistently with the People's CPL 710.30 notice, adding that defendant did not say anything about self-defense following the incident.
The suppressed statements are largely inconsistent with defendant's claim of self-defense, a claim of which the People were unaware prior to trial. The rebuttal evidence was therefore properly received to both impeach defendant regarding what he said to correction officers following the incident and to permit the People the opportunity to disprove defendant's new allegations of justification (see People v Rogers, 81 AD3d 1185, 1186 [2011], lv denied 16 NY3d 899 [2011]; People v Johnson, 13 AD3d 811, 813 [2004], lv denied 4 NY3d 799 [2005]; People v Crumbs, 295 AD2d 227, 227 [2002], lv denied 99 NY2d 534 [2002]; People v Harrington, 262 AD2d 220, 220 [1999], lv denied 94 NY2d 823 [1999]).[FN2]
Defendant lastly argues that his sentence is harsh and excessive in light of what was indisputably a traumatic childhood and his resultant mental health issues. We have reviewed the confidential psychiatric evaluations provided to us, which County Court had ordered in regard to prior unrelated charges, and we are sympathetic to the series of trying circumstances that no doubt contributed to defendant's detention and the subject incident while he was detained. Still, County Court was keenly aware of those circumstances and defendant's mental health diagnoses when fashioning its sentence. The court was also able to review the presentence investigation report prepared for the instant conviction, which reveals that defendant has a lengthy criminal history and a considerable number of prior assault charges and convictions. It must also be recognized that the victim sustained serious physical injuries as a result of defendant's assault. In light of the foregoing, we cannot say that County Court abused its discretion in imposing the lawful, maximum sentence,[FN3] and we decline to exercise our interest of justice jurisdiction to reduce it.
Lynch, J.P., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant does not contend that his statements were involuntary.

Footnote 2: Defendant did not preserve his related claim that evidence of what he did not say to correction officers violated his right to remain silent, and we therefore do not address it (see People v Tout-Puissant, 155 AD3d 654, 655 [2017], lvs denied 30 NY3d 1120 [2018]; People v Jones, 138 AD3d 541, 541 [2016], lv denied 27 NY3d 1152 [2016]). We nevertheless note that, although evidence of a defendant's pretrial silence, including selective silence, is generally inadmissible (see People v Chery, 28 NY3d 139, 144 [2016]), where, as here, "it [was] most unnatural to omit certain information from a statement, the fact of the omission is itself admissible for purposes of impeachment" (People v Savage, 50 NY2d 673, 679 [1980], cert denied 449 US 1016 [1980]).

Footnote 3: At oral argument, the parties informed the Court that the People dismissed nine other pending charges against defendant because of the sentence that defendant would already be serving for the instant conviction. County Court was aware that those charges included two class D violent felonies stemming from two separate incidents, exposing defendant to a period of incarceration well beyond seven years (see Penal Law §§ 70.02 [1] [c]; 70.06 [6] [c]; see also Penal Law § 70.08).