People v Bjork (2026 NY Slip Op 00037)

People v Bjork

2026 NY Slip Op 00037

Decided on January 8, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 8, 2026

110456
[*1]The People of the State of New York, Respondent,
vKeith H. Bjork, Appellant.

Calendar Date:November 12, 2025

Before:Pritzker, J.P., Fisher, McShan, Powers and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of St. Lawrence County (Jerome Richards, J.), rendered April 2, 2018, upon a verdict convicting defendant of the crime of murder in the second degree.
Shortly after midnight on October 27, 2016, police responded to a report that a man (hereinafter the injured person) lay injured and unconscious outside of defendant's residence in the Village of Massena, St. Lawrence County. Defendant thereafter permitted police to enter his residence, where another individual (hereinafter the victim) was discovered naked, bloodied and unresponsive in an upstairs bathroom near a wooden baseball bat. The victim was later declared deceased. Defendant was subsequently charged by indictment with murder in the second degree, based upon allegations that he had caused the victim's death by blunt force trauma. The People and defendant then engaged in various pretrial motion practice. To this end, a Huntley hearing was held, whereafter County Court denied defendant's motion to suppress certain statements that he had made to law enforcement. Defendant later moved to reopen the suppression hearing, which motion was denied. At the conclusion of the ensuing jury trial, defendant was found guilty as charged and was sentenced to a prison term of 25 years to life. Defendant appeals.
Initially, defendant argues that County Court erred in denying his request to reopen the suppression hearing on the basis that the audio recording provided by the People in support of their position was different than what had been provided to the defense. Specifically, in contrast to the recording provided to the court, defendant averred that the disc he had received showed that he had asked for an attorney several times while being questioned, and prior to his Miranda rights being read. Under CPL 710.40 (4), "[a] court may permit a defendant to renew his or her suppression motion and reopen a suppression hearing if the court is satisfied, upon a showing by the defendant, that additional pertinent facts have been discovered by the defendant which he or she could not have discovered with reasonable diligence before the determination of the motion" (People v Rivera, 239 AD3d 1045, 1050 [3d Dept 2025] [internal quotation marks and citations omitted], lv denied 43 NY3d 1058 [2025]; see People v Rivera, 124 AD3d 1070, 1074 [3d Dept 2015], lv denied 26 NY3d 971 [2015]). Here, County Court denied defendant's motion based upon, in part, defendant's objection at the hearing that it not consider the disc provided by the People and because it did not, in fact, consider the disc in rendering its initial decision. It is unclear why defendant, who was aware and in possession of the video recording of him invoking his right to counsel before being Mirandized and interviewed by police failed to introduce such evidence or to use it to impeach the police officer who testified at the suppression hearing. Upon this record, we do not find that County Court's denial of defendant's [*2]motion to reopen the suppression hearing was an abuse of discretion (see People v Rivera, 124 AD3d at 1071; People v Thompson, 118 AD3d 822, 823 [2d Dept 2014], revd 26 NY3d 678 [2016] [reversed upon unrelated grounds]). In any event, we note that, in accordance with a stipulation made by the subsequently appointed special prosecutor, no statements made by defendant during his interview on the date and time in question were introduced or referenced at trial and, thus, no prejudice resulted from the court's ruling (see People v Kirton, 36 AD3d 1011, 1012 [3d Dept 2007], lv denied 8 NY3d 947 [2007]).
Defendant next contends that it was error to permit the People to introduce expert testimony regarding the victim's manner of death. Indeed, it is error for the People's expert to opine that a victim's death was a homicide, as "such characterization improperly invades the province of the jury" (People v Every, 146 AD3d 1157, 1166 [3d Dept 2017] [internal quotation marks, brackets and citation omitted], affd 29 NY3d 1103 [2017]). Nevertheless, the applicable "guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror, and it applies to testimony regarding the ultimate issue before the jury" (People v Ramsaran, 154 AD3d 1051, 1055 [3d Dept 2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 1063 [2017]; see also Hurrell-Harring v State of New York, 119 AD3d 1052, 1053 [3d Dept 2014]). The medical examiner here opined that, based upon his examination, the victim's cause of death was "[s]ubarachnoid hemorrhage, multiple left rib fractures, and hemothorax with hemoperitoneum due to blunt force trauma." On this issue, he further explained that he had ruled out natural, accidental or suicidal explanations for the cause of the victim's death. The medical examiner did not opine as to whether the victim's death could be characterized as a homicide, nor did he express any conclusion as to the issue of culpability (see People v Odell, 26 AD3d 527, 529 [3d Dept 2006], lv denied 7 NY3d 760 [2006]). Under these circumstances, we find no abuse of discretion in permitting this expert testimony (see People v Morgan, 230 AD3d 864, 868 [3d Dept 2024], affd ___ NY3d ___ [Oct. 16, 2025]; People v Pascuzzi, 173 AD3d 1367, 1375 [3d Dept 2019], lv denied 34 NY3d 953 [2019]; People v Ramsaran, 154 AD3d at 1055).
We are similarly unpersuaded by defendant's assertion that the People improperly elicited certain testimony on cross-examination. Defendant attempted to support his defense theory that it was the injured person, and not defendant, who was responsible for the victim's death through the introduction of testimony that the injured person had allegedly made self-incriminating statements to his roommate, who was called as a defense witness. Defendant takes issue with the People's subsequent questioning of the roommate [*3]on cross-examination as to whether, when and how he reported the injured person's alleged statements to law enforcement, arguing that such was a collateral issue and, thus, that any questions in this regard were improper. Contrary to defendant's arguments, however, rebuttal evidence may be offered to contradict a witness' testimony or to disprove an affirmative fact that the opposing party has sought to establish in reply to the case-in-chief (see People v Harris, 98 NY2d 452, 489 [2002]; People v Morehouse, 202 AD3d 1370, 1371 [3d Dept 2022], lv denied 38 NY3d 1073 [2022]). Although, as a general rule, a witness may not be impeached with extrinsic evidence on a collateral issue, evidence is not collateral "when it is relevant to some issue other than credibility" (People v Wise, 46 NY2d 321, 328 [1978]; see People v Bellamy, 26 AD3d 638, 641 [3d Dept 2006]; compare Matter of Blaize F., 50 AD3d 1182, 1183 [3d Dept 2008]). Here, we conclude that the issue of whether, and under what circumstances, law enforcement was informed of the injured person's alleged admissions was not collateral, as such was directly relevant to defendant's defense strategy — i.e., that the injured person was responsible for the victim's death — and, accordingly, the People's questioning in this regard was not improper (see People v Morin, 146 AD3d 901, 902 [2d Dept 2017], lv denied 29 NY3d 950 [2017]; People v Knight, 173 AD2d 736, 736-737 [2d Dept 1991], affd 80 NY2d 845 [1992]).
Finally, defendant's contention that his conviction should be reversed based upon County Court's alleged failure to fully respond to one of the jury's notes is unpreserved for our review, as the record does not disclose that an appropriate objection was made (see People v Ashcroft, 233 AD3d 1080, 1084 [3d Dept 2024], lv denied 43 NY3d 961 [2025]; People v Fleegle, 20 AD3d 684, 685 [3d Dept 2005], lv denied 5 NY3d 828 [2005], cert denied 547 US 1152 [2006]). Upon our review of the record, we further conclude that there was no mode of proceedings error in the court's response to the subject jury note such that reversal and a new trial would be required despite defense counsel's failure to object (see People v Johnson, 183 AD3d 77, 81 [3d Dept 2020]). To this end, the record reflects that the court marked the relevant jury notes as exhibits upon receipt and read them to counsel. The court then permitted the parties to comment and object and, after outlining its intended response, provided the parties with further opportunity to raise any potential concerns. Thereafter, the jury was returned to the courtroom and informed that, as they had requested, the testimony of a particular police investigator would be read back to them, followed by that of the injured person. The record accordingly indicates that "[t]he requested testimony was read back by the court reporter." Although defendant is correct that there is no specific notation in the record that the injured person's testimony was read, nothing in [*4]the record indicates that the court's planned response, as it was stated to the jury, was not followed. "That the jury did not seek further instruction or clarification after [the testimony was read back] also supports our conclusion that the trial court correctly interpreted the jury note[s] and responded meaningfully and with the complete information sought" (People v Aguilar, 41 NY3d 335, 339 [2024] [citations omitted]; see People v Salas, ___ NY3d ___, 2025 NY Slip Op 03603, *2 [2025]; People v McRae, 237 AD3d 543, 544 [1st Dept 2025], lv denied 43 NY3d 1057 [2025]). Accordingly, we find no error in the court's response to the jury's requests (see generally People v O'Rama, 78 NY2d 270, 276-280 [1991]).[FN1] In view of the foregoing conclusions, we find no basis to disturb the conviction.
Pritzker, J.P., Fisher, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Under these circumstances, we likewise find no basis to remit this matter for a reconstruction hearing on this issue (see People v Salas, ___ NY3d at ___, 2025 NY Slip Op 03603, *3; compare People v Johnson, 175 AD3d 14, 15, 17-19 [3d Dept 2019]).